* Mr. Justice Heydeneeldt
[87] delivered the opinion of the Court.
Mr. Ch. J. Murray concurred.
In the plan of the City of San Francisco, the survey into blocks, lots and streets, extended into the tide waters in front of the city, the object of which was to reach a sufficient depth of water, on the land side, for the convenience of shipping. It was necessarily anticipated that the water lots would be filled up to a level suitable for building or land carriage. That this was perfectly legitimate, in the establishment of a seaport town, is so self-evident that it needs no argument to prove it.
The plaintiff obtained by purchase his lot, with a full knowledge of the plan of the .city. The right of the owners of water lots to fill them up with earth, for the purpose of improvement and use, was practically admitted by him in filling up that part of his own lot and the street in front of it, which was in the water.
It is not material to inquire as to the first authority for the plan of the city, as extended into the water. It is sufficient that by the Act of 26th of March, 1861, this plan was recognized by the State, and property in the lots covered by tide water, vested in individuals. The right of the State to do this has been established by repeated decisions. She *88 holds the complete sovereignty over her navigable bays and rivers, and although her ownership is, by the law of nations, and the common and civil law, attributed to her for the purpose of preserving the public easement, or right of navigation, there is nothing to prevent the exercise of her power in certain cases to destroy the easement, in order to preserve the general good, which, when done, subjects the land to private proprietorship.
The lot of the defendant was thus permitted, by State legislation, to be reclaimed from the water, and this was so before the plaintiff acquired his lot. He, therefore, took without any riparian rights. The destruction of the easement in front of him had already been decreed by competent authority.
But, it is said, that the filling up by the defendant is a nuisance, because it will destroy or impair the navigation of the Bay. Assuming this to be true, the plaintiff, as I have shown, has no right to complain; and in regard to the public, it is not * one of those acts which would be [88] denominated or classed as a nuisance. It is, at most, a purpresture, and as such, if destructive to navigation, or seriously affecting the public welfare, would subject the defendant to a prosecution by the people; certainly Pot to an action by this plaintiff.
Many of the positions taken by the plaintiff in the instructions asked, are doubtless sound; but applied in reference to the whole of this case, they are mere abstract propositions, and were properly refused.
Judgment affirmed.