[No. 13289.   Department One. — March 17, 1890.]

B. BALLERINO, Appellant, v. C. C. MASON et al., Respondents.

83  447
134  593

Taxation — Liability of Assessor — Excessive Assessment — Pleading — Value of Property — Malicious Intent — Presumption — Error in Judgment. — A complaint against a county assessor, and the sureties upon his official bond, alleging that the assessor willfully and against law assessed a tract of land belonging to plaintiff at an unlawful and false valuation specified, which was largely in excess of a sum alleged to be its highest actual value for agricultural purposes, to plaintiff's damage in a specified sum, does not state a cause of action.   The averment of the value of the property is insufficient, as its value for all purposes must be considered by the assessor in ascertaining the amount at which it would be taken in payment of a just debt due from a solvent debtor, which constitutes its full cash value; and the averment that the assessment was willful and against law, without an averment that he acted maliciously, and with intent to wrong or injure the owner of the property, does not negative the presumption that he simply erred in judgment, for which he is not liable to an action, the only remedy for such error being by application to the board of equalization.

Id. — Duty of Assessor — Presumption. — An assessor is required to exercise his best judgment in determining as to the value of property to be assessed, and the presumption is that his official duty has been regularly performed.

Officers — Liability for Discretionary Acts. — A public officer is not liable to an action if he falls into error, in a case where the act to be done is not merely a ministerial one, but is one in relation to which it his duty to exercise judgment and discretion, even though an individual may suffer by his mistake.

Appeal from a judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion.

*Horace Allen*, for Appellant.

*Chapman & Hendrick, Allen & Miller*, and *Stephens & Eldridge*, for Respondents.

BELCHER, C. C.—This is an action to recover damages for alleged violation of official duty.

The facts stated in the complaint are in substance as follows: The plaintiff for twenty years has been the actual occupant and sole owner of a tract of land in Los Angeles County, containing 134 acres. During the time plaintiff has been such owner, the said tract of land "has never been of a higher actual value for agricultural purposes than from $150 to $250 per acre"; and "said tract of land has never been of higher actual aggregate value for agricultural purposes than from $20,100 to $33,500."

At the general election held in November, 1886, the defendant Mason was duly elected county assessor in and for Los Angeles County, and thereupon, as such officer, he took the oath and executed the bond required by law, and the other defendants became his sureties on the bond.

For the fiscal year 1887, Mason, as such assessor, "did willfully, and against law, levy an assessment on the said tract of 134 acres of land, property of this plaintiff as aforesaid, at the unlawful and false valuation of $96,200"; which was $62,700 above the actual and lawful valuation of said property, and the said Mason "did thereby extort from this plaintiff unlawfully the sum of $940.50, by way of taxes, in violation of law, and to this plaintiff's dam_age of the sum of $940.50."

Then follows a similar averment that for the fiscal year 1888, defendant Mason, willfully and against law, assessed the plaintiff's said tract of land "at the false and unlawful valuation of $100,500, and that this valuation was $67,000 above the actual and lawful value of the said tract of land, and that said defendant C. C. Mason, in his official capacity as such assessor, did thereby extort from this plaintiff the sum of $804 by way of taxes, in violation of law, to this plaintiff's damage of $804."

The prayer is that plaintiff have "judgment upon the said official bond of the defendant C. C. Mason, as asses-

sor, and that plaintiff do have and recover of and from defendants thereupon the sum of $1,744.50 damages, and plaintiff's cost of this action."

A general demurrer to the complaint was interposed and sustained, and plaintiff declining to amend, judgment was thereupon entered dismissing the action. From that judgment the appeal is prosecuted.

1. The code provides that "all taxable property must be assessed at its full cash value" (Pol. Code, sec. 3627), and it defines the meaning of "full cash value" to be "the amount at which the property would be taken in payment of a just debt due from a solvent debtor." (Pol. Code, sec. 3617.)

The words "actual value for agricultural purposes" are not the equivalent of "full cash value." This is evident, for the reason that the value of property for the purposes named may be, and often is, less than its value for other purposes, and less than it would be taken for in payment of a just debt from a solvent debtor. The averment as to the value of plaintiff's property was therefore insufficient to sustain his contention.

2. The county assessor is a public officer, and the assessment complained of was made in the discharge of official duty. An assessor is required to exercise his best judgment in determining as to the value of property to be assessed, and the presumption is that official duty has been regularly performed. (Code Civ. Proc., sec. 1963, subd. 15.) The averment that Mason "willfully and against law" assessed plaintiff's property at too large a sum does not imply that he acted maliciously, or with intent to wrong or injure the owner. And in the absence of some averment to this effect, we must assume that he simply erred in his judgment. But for such an error the only remedy is by application to the board of equalization. (*San José Gas Co.* v. *January*, 57 Cal. 614.)

The law applicable to the case as made was, in our opinion, correctly stated in *Kendall* v. *Stokes*, 3 How. 98,

by Chief Justice Taney, as follows: "A public officer is not liable to an action if he falls into error in a case where the act to be done is not merely a ministerial one, but is one in relation to which it is his duty to exercise judgment and discretion, even though an individual may suffer by his mistake."

In our opinion, the demurrer was properly sustained, and the judgment should be affirmed.

FOOTE, C., and HAYNE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is affirmed.

Hearing in Bank denied.