[S. F. No. 6475. In Bank.—December 17, 1913.]

## MERCANTILE TRUST COMPANY OF SAN FRANCISCO, Petitioner, v. I. S. MILLER et al., Respondents.

BANKING ACT—INSOLVENT BANK—APPEAL BY SUPERINTENDENT OF BANKS—STAY OF EXECUTION—UNDERTAKING UNNECESSARY—SUPERINTENDENT ACTING AS STATE OFFICER.—The state superintendent of banks, when performing the duties of his office required of him by the Banking Act of 1909 (Stats. 1909, p. 87), in taking possession of and proceeding to liquidate the assets of an insolvent banking corporation, is acting as a state officer in his official capacity, within the meaning of section 1058 of the Code of Civil Procedure, and by virtue of that section is exempt from the obligation to give an undertaking on appeal from a stay of execution, when as such officer he takes an appeal from any judgment in which, as such superintendent of banks, he is interested on behalf of any bank under his control and of whose assets he has taken possession. In so doing, the superintendent of banks is not acting under appointment from the court or by authority of the court, but by authority of the statute, which creates his office, authorizes his appointment, and enjoins upon him the duties which he is at that time performing.

ID.—SUPERINTENDENT ACTING AS TRUSTEE AND IN RIGHT OF ANOTHER—DISCRETION TO DISPENSE WITH STAY-BOND.—The superintendent of banks, when acting as an officer liquidating the assets of a bank and distributing the same to its creditors is a "trustee" and also a person acting in "another's right," within the meaning of section 946 of the Code of Civil Procedure, which authorizes the trial court, in its discretion, to dispense with or limit the security required to stay execution pending appeal "when the appellant is an executor, administrator, trustee or other person acting in another's right." (Per. Shaw, J., Sloss, J., and Henshaw, J.)

ID.—CONSTRUCTION OF SECTION 946 OF CODE OF CIVIL PROCEDURE.—The obvious purpose of that section was to excuse a stay-bond when the court below in its discretion shall so order, where the appellant is a trustee acting under and by virtue of some official authority, whether by appointment of the court or by appointment under a statute as an officer of the state. (Per. Shaw, J., Sloss, J., and Henshaw, J.)

ID.—FORECLOSURE OF TRUST-DEED SECURING BOND ISSUE—INADEQUACY OF SECURITY—CONTEST AS TO VALIDITY OF PART OF BONDS—JUDGMENT FORECLOSING AS TO ALL BONDS—APPEAL BY BONDHOLDER—PARTY IN INTEREST.—In an action by the trustee under a deed of trust securing a large issue of bonds to foreclose the same for the

benefit of the bondholders, in which it is doubtful whether the security is adequate for the payment of the entire bonded indebtedness, a bank holding a portion of the bonds, which had contested the legality of the bonds held by the other bondholders, is a party interested and entitled to appeal from a judgment upholding the legality of disputed bonds and directing their participation in the proceeds of the foreclosure.

ID.—NATURE OF INTEREST OF BONDHOLDER IN QUESTION OF VALIDITY OF OTHER BONDS.—The bank also has an interest because of the fact that if the other disputed bonds are invalid its own share of the proceeds will be larger, and in case it should bid for the property at the foreclosure sale, the amount of the price which it could pay, under the terms of the deed of trust, by applying its bonds to its share of the proceeds, would be larger than it would be if the other bonds were valid.

ID.—SUPERINTENDENT OF BANKS PROPER PARTY TO FORECLOSURE ACTION —APPEAL IN OFFICIAL NAME—STAY OF EXECUTION WITHOUT UNDERTAKING.—The superintendent of banks, who had taken charge of the bank holding a portion of such bonds upon its becoming insolvent, and who was engaged in liquidating its affairs under the Banking Act of 1909, was a proper party to the action of foreclosure, and entitled to appeal in his official name and capacity from the judgment directing a sale for the benefit of the disputed bonds. Such appeal stays the execution of the judgment without the filing of any undertaking for that purpose.

APPLICATION for a Writ of Mandate directed to the Superior Court of Kern County and to the County Clerk of said county to compel the issuance of a writ of execution.

The facts are stated in the opinion of the court.

A. E. Shaw, Morrison, Dunne & Brobeck, and McNab & Hershall, as *Amici Curiae,* for Petitioner.

Denman & Arnold, for Respondents.

SHAW, J.—This is an application to this court for a writ of mandate to compel the superior court of Kern County to order, and I. S. Miller, as county clerk of said county, to issue, a writ of execution upon a decree of foreclosure entered by said court in an action wherein Mercantile Trust Company of San Francisco is plaintiff, and Sunset Road Oil Company and others are defendants. The following are the facts and circumstances upon which the application is made.

In 1905 the Sunset Road Oil Company executed to Mercantile Trust Company of San Francisco a mortgage or deed of trust to secure an issue of its bonds amounting to something over one million five hundred thousand dollars. The Kern Valley Bank purchased these bonds to the amount of $459,400, and W. S. Tevis, C. N. Beal, and H. A. Blodgett claimed to have purchased one million dollars thereof and over. Thereafter the Sunset Road Oil Company failed to pay the interest on the bonds, and the Trust Company thereupon began an action in the superior court of Kern County to foreclose said deed of trust for the benefit of the bondholders. The deed of trust provided that in case of a sale under foreclosure of said deed of trust any holder of bonds might bid for the property at such sale, and that upon settling with the officer making the sale for the payment of the purchase money thereat he should be entitled to a credit on such price for the amount which his bonds would be entitled to on a division of the proceeds. In said action the Kern Valley Bank filed an answer and cross-complaint alleging that none of the bonds alleged in the complaint to have been issued was legally issued or a valid claim against the property except those issued to itself. The superintendent of banks had also by leave of court filed a complaint in intervention on behalf of said bank, also alleging that the bonds issued to said bank were the only bonds outstanding under said deed of trust which were valid. Upon these allegations issue was taken. The court in its judgment declared that the bonds so as aforesaid issued to Tevis, Beal, and Blodgett were valid bonds and entitled to have their proportional shares credited on the purchase money in case they should bid at the foreclosure sale. At the time of filing said cross-complaint the Kern Valley Bank was insolvent, and because of said insolvency the state superintendent of banks had taken possession of its affairs and assets for the purpose of liquidating the same under the Banking Act of 1909 ((Stats. 1909, p. 87). This judgment was entered on November 25, 1912. On December 23, 1912, the superior court of Kern County made an order in said action, reciting that the state superintendent of banks was about to take an appeal to the supreme court from the judgment in said cause and directing that upon such appeal such superintendent of banks should have a stay of proceedings with-

out executing any undertaking for that purpose. Thereupon on December 26, 1912, appeals were taken from said judgment by the Kern Valley Bank by said W. R. Williams as state superintendent of banks, and by W. R. Williams, state superintendent of banks, for and on behalf of said Kern Valley Bank. Prior to the making of said orders and the taking of said appeals an execution had been issued upon said judgment. Upon the taking of said appeals the superior court made an order recalling said execution. Thereafter the plaintiff moved the court to vacate its order dispensing with an undertaking to stay execution on appeal by said state superintendent of banks and vacating the order recalling said execution. This motion was denied. The plaintiff then demanded of the defendant Miller as such clerk, to issue a new execution upon said judgment, which Miller then refused to do. Thereupon plaintiff applied to the superior court for an order directing Miller as such clerk to issue such execution, which application the court denied. The plaintiff claims that the court below had no power to make the order excusing the state superintendent of banks from giving an undertaking on appeal in order to stay execution on the judgment appealed from and that no stay can be had upon such a judgment after appeal, unless a stay-bond is given as in other cases. There is also a claim that the state superintendent of banks has no interest in the judgment sufficient to entitle him to appeal.

The Banking Act of 1909, section 136, provides that when the superintendent of banks has reason to conclude that any bank is in an unsound or unsafe condition to transact business, or that it is unsafe or inexpedient for it to continue business, he may take possession of the property and business of the bank and retain such possession until the bank shall either resume business or its affairs be finally liquidated, and that upon so doing he shall have authority to collect moneys due the bank "and to do such other acts as are necessary to conserve its assets and business, and shall proceed to liquidate the affairs thereof." It further provides that he shall collect all debts due and claims belonging to the bank and may employ such counsel as may be necessary in the liquidation and distribution of its assets. He is made an officer of the state (sec. 120) and his powers and duties extend throughout the state and apply to all banks coming within the scope of the

provisions of the act.   Section 1058 of the Code of Civil Pro-
cedure provides that "In any civil action or proceeding
wherein the state, or the people of the state, is a party plain-
tiff, or any state officer, in his official capacity or on behalf
of the state, . . . is a party plaintiff or defendant, no bond,
written. undertaking, or security can be required of the state,
or the people thereof, or any officer thereof, . . .; but on
complying with the other provisions of this code the state, or
the people thereof, or any state officer acting in his official
capacity, have the same rights, remedies, and benefits, as if
the bond, undertaking or security were given and approved as
required by this code." It seems clear to us that the state
superintendent of banks when performing the duties of his
office, required of him by the statute, in taking possession of and
proceeding to liquidate the assets of a banking corporation, is
acting as a state officer in his official capacity, within the mean-
ing of this section, and that the effect of the section is to ex-
empt him from the obligation to give an undertaking on appeal
for a stay of execution, when, as such officer, he takes an
appeal from any judgment in which, as such superintendent
of banks, he is interested on behalf of any bank under his
control, and of whose assets he has taken possession.   He is
not acting under appointment from the court or by authority
of the court, but by authority of the statute which creates his
office, authorizes his appointment, and enjoins upon him the
duties which he is at that time performing.   The effect of this
statute is to justify the court in its refusal to order the ex-
ecution.

Such refusal is also justified by the provisions of section
946 of the Code of Civil Procedure.  This section provides
that when an appeal is perfected as provided in the preceding
sections, it stays all proceedings in the court below upon
the judgment appealed from, and matters embraced therein.
The preceding sections require the giving of certain under-
takings in order to procure such stay of proceedings, but sec-
tion 946 further provides as follows: "And the court below
may, in his discretion, dispense with or limit the security re-
quired by this chapter, when the appellant is an executor,
administrator, trustee or other person acting in another's
right." We think that even if the provisions of section 1058
did not apply to the office of state superintendent of banks,

the provisions of section 946 would be applicable to him when acting as he is doing in this case. The superior court was evidently of this opinion and the order it made dispensing with an undertaking on appeal was advisedly made in pursuance of the provision we have quoted. The superintendent of banks, when acting as an officer liquidating the assets of a bank and distributing the same to its creditors, is clearly a trustee. He is also a person acting in "another's right." Under either designation he comes within the terms of the provision quoted. It is unnecessary to hold that the phrase "trustee, or other person acting in another's right," would authorize the court to dispense with a stay-bond where a private trustee is the appellant. The plaintiff argues that inasmuch as the provision begins with the words "executor, administrator," the subsequent designations must be construed to mean persons acting in similar capacities and under similar authority, such as trustees or guardians appointed by and acting under the supervision of some court. We do not think the provision requires a construction so narrow as this. Whether it includes private trustees or not, its obvious purpose was to excuse a stay-bond when the court below in its discretion shall so order, where the appellant is a trustee acting under and by virtue of some official authority, whether by appointment of the court or by appointment under a statute as an officer of the state. This section also we think justifies the order of the superior court.

Upon the argument the plaintiff apparently abandoned the claim that the Kern Valley Bank and the superintendent of banks acting on its behalf had no interest sufficient to authorize it to appeal from the judgment. The bank occupied the position of a lienholder under the deed of trust. The payment of its debt depended upon the adequacy of the security covered by the deed of trust. If, as it claims, the one million dollars of bonds issued to Tevis and others are wholly invalid, the result would be that its own bonds would be practically the only debt secured by the property. There are sufficient facts appearing in the petition and admitted by the parties to indicate that the adequacy of the security is at least questionable. The bank therefore has a direct interest in the question as to the validity of the bonds held by the other parties. It also has an interest because of the fact that

if the other bonds are invalid its own share of the proceeds will be much larger, and in case it should bid for the property at the foreclosure sale, the amount of the price which it could pay by applying its share of such proceeds would be larger than it would be if the other bonds were valid.

The superintendent of banks was a proper party to the action. The act imposes upon him duties in the liquidation of such banks which will often require him to mantain or defend actions concerning them. He must collect the moneys of the bank and do all other acts necessary to conserve and liquidate its assets. When he takes possession he supersedes the bank officials in the management and control of its property and business. Its franchise to do business as a bank is thereupon suspended. In closing up its affairs he is not required to consult its officers, or co-operate with them, but acts upon his own initiative and independent of them. Upon complete liquidation and final settlement, the residue, if any, must be transferred and delivered by him to the stockholders, not to the corporation. Thereupon the franchise of the corporation to do business as a bank is terminated and it cannot be again acquired except by compliance with the provisions of the act in the same manner as a new corporation must comply. Thus, apparently, the title to the property passes to him for the purposes of the trust and through him to the stockholders. While engaged in the process of liquidation and settlement, he holds the property as trustee, to dispose of it as the statute directs. It is an express trust created and imposed upon him by the statute. Being the trustee of this express trust, he is authorized by section 369 of the Code of Civil Procedure to sue in his official name and character in any action necessary for the performance of the trust. Likewise, since he is the person lawfully in possession and control of the property, he is a proper party defendant in any action by a third person affecting such property.

Our conclusion is that he is entitled to maintain this appeal in his official name and capacity, and that such appeal stays the execution of the judgment without the filing of any undertaking for that purpose.

It is ordered that the application be denied.

Sloss, J., and Henshaw, J., concurred.

LORIGAN, J., concurring.—I concur in the order denying the writ of mandate and place my concurrence solely on the ground that the giving of an undertaking on appeal by the superintendent of banks is dispensed with by the provisions of section 1058 of the Code of Civil Procedure, as pointed out in the opinion of Justice Shaw. I am not prepared to agree with the construction of section 946 as stated in that opinion. In my opinion a consideration of that section is not necessary to the decision of this case and I express no opinion as to its meaning or effect as applied to this proceeding.

Melvin, J., concurred.

Rehearing denied.