## WOOD, *Mayor,* v. MORRISETT.

No. 3714.   Opinion Filed August 25, 1914.

(142 Pac. 1101.)

**APPEAL AND ERROR**—Moot Questions—Mandamus.   Where, in an action of mandamus to compel the mayor of the city of Edmond, M. E. Wood, to sign certain warrants, a judgment is rendered in the district court against the said M. E. Wood as such mayor, and he appeals to this court, but before final submission he retires from office and his successor is elected and qualified and assumes the duties of such office, and no request is made to have the successor substituted, the only matters presented for determination by this court are abstract and hypothetical questions and disconnected from the granting of actual relief, and therefore will not be decided by this court.

(Syllabus by Rittenhouse, C.)

*Error from District Court, Oklahoma County;*
*John J. Carney, Judge.*

Mandamus by W. T. Morrisett against M. E. Wood, mayor of the city of Edmond. Judgment for plaintiff, and defendant brings error. Dismissed.

*J. M. Jayne* and *Jas. L. Brown,* for plaintiff in error.

*Jno. H. Wright* and *C. J. Blinn,* for defendant in error.

Opinion by RITTENHOUSE, C.   On October 17, 1911, the defendant in error filed his petition in the district court of Oklahoma county, praying for an alternative writ of mandamus

against M. E. Wood, mayor of the city of Edmond, alleging that the city council had allowed certain claims in favor of the defendant in error, and that the warrants had been prepared and signed by the city clerk, but that the mayor had refused to sign the same. Issues were joined, and upon submission of the cause the court rendered judgment in favor of the defendant in error and the cause was appealed to this court by M. E. Wood, mayor of said city. After the perfection of the appeal, but before final submission, the defendant in error filed a motion to dismiss the appeal on the ground that M. E. Wood had ceased to be mayor of the city of Edmond on the 5th day of May, 1913, and that L. W. Marks had been elected and qualified as mayor of the city of Edmond on said date. No request has been made to have L. W. Marks substituted as plaintiff in error; the contention being that the only matters to be determined are abstract and hypothetical questions.

It was held in *Ex parte Tinkum,* 54 Cal. 201, in construing a statute similar to section 4695, Rev. Laws 1910, that in an action against a public officer, upon his going out of office, his successor does not become a party to the suit, and is not affected by the proceedings, until made a party under the statute. In the instant case the successor has not been made a party, and a judgment against the successor before he is brought into the case would be a nullity. It is therefore apparent that the only matters to be determined are abstract and hypothetical questions and disconnected from the granting of actual relief.

Under authority of *Bryan v. Sullivan,* 20 Okla. 686, 119 Pac. 124, and *McCullough et al. v. Gilcrease,* 40 Okla. 741, 141 Pac. 5, the appeal should be dismissed.

By the Court: It is so ordered.