[Civil No. 2843.   Filed July 15, 1929.]

[279 Pac. 264.]

A. T. HAMMONS, as Superintendent of Banks in and for the State of Arizona and Ex-Officio Receiver of the STOCKMEN'S STATE BANK, an Insolvent Banking Corporation, Appellant, v. NATIONAL SURETY COMPANY, a Corporation, Appellee.

See Appeal and Error, 3 **C. J.**, sec. 1161, p. 1122, n. 89.

Mr. Levi S. Udall and Mr. Isaac Barth, for Appellant.

Messrs. Stockton & Perry, for Appellee.

PER CURIAM.—Appellee has moved that this cause be dismissed on the ground that the appellant has filed no appeal bond.

It appears from the record that appellant, state superintendent of banks, by the authority given him as a state officer, is administering the affairs of the Stockmen's State Bank, and in the course thereof, and incident thereto, prosecutes this appeal from an adverse judgment of the superior court.

Appellee relies upon *Hammons, Superintendent of Banks,* v. *Waite,* 30 Ariz. 392, 247 Pac. 799, wherein

we held the statute concerning costs did not exempt the superintendent of banks from paying costs, because, although he was a party to the suit in his official capacity, in fact he was only a nominal party, the real party in interest being the insolvent bank out of whose assets costs were paid and not out of the state treasury. The statute on costs there considered in terms included the superintendent of banks, but we held in reason and common sense it did not when this officer was representing only a private litigant.

The statute on appeal bonds is paragraph 1249, Civil Code of 1913, and reads:

"No bond shall be required upon any appeal taken by the State of Arizona, or any county thereof, or by the corporation commission, tax commission, or any other board or commission, or by any state or county officer in his official capacity."

This statute undertakes to relieve those therein designated of the trouble and expense of giving appeal bonds, upon the same ground and for the same reason that the next paragraph (1250) exempts executors, administrators, guardians, and trustees in bankruptcy from giving appeal bonds—a courtesy extended to officers acting in fiduciary and official capacities. Paragraph 1249 does not undertake to exempt such officers from the payment of costs; it only relieves them from giving security therefor in advance.

In the Waite case we referred to *Mercantile Trust Co.* v. *Miller,* 166 Cal. 563, 137 Pac. 913, wherein it was held that the superintendent of banks was acting as a state officer in his official capacity within the meaning of the section providing that public officers should not be required to give bond. As is there said:

"So far as the rule laid down by that case contradicts what we have said herein, it is disapproved for the reasons stated above."

An examination of the pertinent statutes on costs and on appeal bonds satisfies us that a public officer such as the superintendent of banks falls not only within the terms but the spirit of the statute exempting him from giving an appeal bond, just as the fiduciaries named in paragraph 1250, *supra,* whereas the statute with reference to costs can, when given a reasonable and sensible construction, only exempt him from paying costs when his principal is the state or one of its political subdivisions.

The motion to dismiss the appeal is denied.