**ATLANTIC OIL PRODUCING CO. v. SNEED, State Treas.**

No. 24710.    Sept. 25, 1935.

Withdrawn, Corrected and Refiled Dec. 23, 1935.

Rehearing Denied Dec. 24, 1935.

Hagan & Gavin, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Fred Hansen, Asst. Atty. Gen., for defendant in error.

RILEY, J. Plaintiff in error, as plaintiff below, commenced this action on July 2, 1930, against "R. A. Sneed, Treasurer of the State of Oklahoma." Summons was issued and served upon defendant in his official capacity, and no appearance was made by defendant except in his official capacity. Moreover, the petition failed to set forth special circumstances to establish personal liability against defendant, but, to the contrary, all acts and deeds of defendant relied upon to constitute grounds for relief are alleged to have been done and performed in an official capacity.

Therefore, at the outset, we reject the contention of plaintiff in error that:

"In this case, therefore, plaintiff in error was entitled to a judgment against defendant in error personally, regardless of the court's holding that a suit against him officially could not be maintained since it was a suit against the state."

This contention is untenable. If a personal judgment were sought against the treasurer, it was necessary for plaintiff in error to sue him in his individual capacity. Commonwealth v. McCormick, 177 Ky. 474, 197 S. W. 977; Ballerino v. Mason, 83 Cal. 447, 23 P. 530; 46 C. J. 1048, sec. 340.

This action is predicated upon the unconstitutionality of chapter 113, S. L. Okla. 1927, p. 179, as adjudicated by the federal Circuit Court of Appeals, Eighth Circuit, September 30, 1929, in the cause of Sneed, Treas., etc., v. Shaffer O. & R. Co., 35 F.

(2d) 21. It was held in the cited case that the statute above cited, providing that each domestic corporation shall pay a license fee of 50 cents for each $1,000 of its authorized capital stock, and each foreign corporation doing business in this state shall pay a fee of $1 on each $1,000 of its money or property employed in the transaction of business in this state, etc., was violative of the federal Constitution, 14th Amendment, as denying equal protection to the foreign corporation.

The plaintiff below, plaintiff in error, is a "foreign" corporation. It paid by check, dated July 28, 1927, its annual corporate license tax for the fiscal year ending June 30, 1928, to the State Treasurer. As stated, it instituted this action on July 2, 1930, to recover the sum paid. There is but one question of fact in this case and that is whether the sum so paid was paid under protest. The plaintiff alleged that the sum so paid was paid both under protest and duress. This the defendant denied. There is evidence tending to establish that a voucher was attached to the check, carrying the words, "Paid under Protest," but this check with attached voucher was transmitted to the Corporation Commission by plaintiff, and it appears that the State Treasurer failed to receive the voucher or other notice of protest. As a consequence the money so paid was not held in the protest account, but under the provisions of section 8609, C. O. S. 1921, the sum was paid into the state treasury depository account, where it remained subject to claim for refund until the second Monday following the close of the month of July, 1927, and then, pursuant to the provisions of sections 8613 and 8614, C. O. S. 1921, it was paid into the treasury of Oklahoma. The defendant also pleaded that he ceased to be State Treasurer on the second Monday of January, 1931. An estoppel was asserted and raised upon the failure of plaintiff to diligently present its claim of right.

The plaintiff presented a "double-barreled" motion for judgment on the pleadings and for substitution of Ray O. Weems, Treasurer of the State of Oklahoma, as party defendant. This the trial court overruled.

A finding of estoppel was made and judgment rendered for defendant.

It is apparent that no effective judgment can be rendered against R. A. Sneed as State Treasurer, for he had ceased to act in said official capacity prior to the date judgment below was rendered.

The part of the motion relating to substitution of the party defendant contained some merit, but plaintiff was not entitled to judgment on the pleadings. It should have been presented separately. See section 572, O. S. 1931 (S. L. 1923, ch. 88), relating to revivor of actions against public officials, making successors in office amenable only to extraordinary writs obtained against the predecessor in office. See, also, section 156, O. S. 1931 (sec. 223, C. O. S. 1921), providing:

"An action does not abate * * * by the transfer of any interest therein, during its pendency, if the cause of action survive or continue. * * * In case of any other transfer of interests, the action may be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action."

No extraordinary writ has been obtained in this action (indeed none was sought) at the time the interest in the office was transferred to the successor of defendant below. Therefore, section 572, supra, does not apply. It seems to us that a far better practice would have prevailed had the trial court required notice to the succeeding officer (Southern Surety Co. v. Williams, 105 Okla. 44, 231 P. 293), and allowed substitution as party defendant. This court has held in an action against a public officer that the successor in office does not become a party until made so by statute. Wood v. Morrissett, 42 Okla. 752, 142 P. 1101.

Statutory modification of this rule, as applied to extraordinary writs, is recognized in State v. Pulliam, 168 Okla. 632, 37 P. (2d) 417.

In view of the consolidated manner in which the motion was presented and the statute vesting discretion in the trial court to continue the cause in the name of the original party defendant, we hold the action of the trial court in overruling the motion was not reversible error.

We further hold that the judgment based on estoppel was correct, for the plaintiff was charged with knowledge of the law (irrespective of the applicability of section 9971, C. O. S. 1921, relating to paying the tax under protest and serving summons within 30 days in an action for the recovery thereof); that by the provisions of sections 8609 and 9613, C. O. S. 1921, so long as the fund remaining in the state treasury depository account, it was subject to refund as an "erroneous or excessive collection." Thus for a period of 25 days the fund so remained, but no claim for refund was filed nor action in

mandamus commenced (Brunson et al. v. Commissioners of the Land Office, 145 Okla. 219, 292 P. 562), and the action at bar was not begun until within a few days of a three-year period.

"It is well settled that in law mere delay in commencing an action, if not such as to come within the application of the statute of limitations, will not defeat the right to maintain the action, unless there are circumstances sufficient to constitute an estoppel." 1 C. J. 1153; Doyle v. Burns (Iowa) 99 N. W. 195; Cassidy v. Gould, 86 Okla. 217, 208 P. 780; Scott v. Signal Oil Co., 35 Okla. 172, 128 P. 694.

The circumstances here presented are that the moneys so paid were paid in a manner whereby defendant did not know the protest claimed. The plaintiff did not avail itself of the opportunity to seek refund for erroneous taxes paid at a time when the funds would have been available without disadvantage and disarrangement of the finances of the state. Even now a refund is available by the method of a legislative appropriation.

The plaintiff did not exercise diligence in serving either notice or summons on the successor in office. It is utterly impossible for defendant, who is not now in office, to adjust the records of the office or the funds available to the State Treasurer so as to pay a judgment should one be rendered holding the funds were recoverable.

Judgment affirmed.

McNEILL, C. J., and BUSBY, PHELPS, and GIBSON, JJ., concur.