[Civ. No. 9421.   Second Appellate District, Division One.—November 1, 1935.]

HARVEY M. JONES, Appellant, v. FRIEND W. RICH-ARDSON, as Building and Loan Commissioner, etc., et al., Respondents.

George R. Maury, C. S. Wagner and Vernon Day for Appellant.

Roscoe C. Andrews, Jean Wunderlich, James C. Ingebretsen and Joe Crider, Jr., for Respondents.

SHINN, J., *pro tem.*—Defendant Friend W. Richardson, as Building and Loan Commissioner of the State of California, acting as liquidator of United Building and Loan Association, brought an action for specific performance of a trust deed upon real property improved with an apartment and store building owned by plaintiff. On June 17, 1932, by *ex parte* order, the superior court, upon application of the Commissioner, appointed a receiver who qualified, entered into possession of the property and collected the rents therefrom. On June 23d, a motion to vacate the *ex parte* appointment

was denied and the appointment was confirmed. An appeal taken by Harvey M. Jones, plaintiff herein, from that order was later dismissed on stipulation. The Commissioner acquired title to the property under trust deed sale September 19, 1932; the receiver was discharged October 19, 1932, and on March 27, 1933, counsel for the Commissioner filed an order with the clerk for the dismissal of the action. Notwithstanding the dismissal, the case was noticed for trial on April 5, 1933, at which time the court ordered the action dismissed and gave judgment in favor of Harvey M. Jones for costs.

This action is brought against the defendant Richardson as Building and Loan Commissioner and against American Bonding Company of Baltimore, surety upon the Commissioner's official bond, to recover damages in the amount of the alleged rental value of the premises during the time the receiver was in possession. In addition to the foregoing facts, the complaint alleges that the receiver was appointed wrongfully and without sufficient cause. When the present action was brought to trial upon the complaint and the answers of the defendants, a motion was made by the defendants to exclude evidence upon the ground that the complaint failed to state a cause of action against either defendant. The court granted this motion and rendered judgment of dismissal of the action, from which plaintiff appeals.

The complaint is defective in several particulars. It was evidently drawn upon the theory that defendant Richardson and the surety upon his official bond were under the same liability as a principal and surety who give the indemnity bond required by statute upon the appointment of a receiver. Such is not the case. This is not an action brought upon an undertaking given upon the appointment of a receiver, required by section 566 of the Code of Civil Procedure, to the effect that the applicant will pay to the defendant all damages he may sustain by reason of the appointment of the receiver, in case the appointment has been procured wrongfully, maliciously or without sufficient cause. In bringing the action and procuring the appointment of a receiver, defendant Richardson was acting in his official capacity in the exercise of powers conferred upon him as Commissioner by the Building and Loan Association Act (Deering's Gen. Laws, 1931, p. 459, secs. 13.11 et seq.). No undertaking was given

under section 566 nor was one required of the Commissioner, a state officer. (Sec. 1058, Code Civ. Proc.; *Mercantile Trust Co.* v. *Miller,* 166 Cal. 563 [137 Pac. 913].)

█ The liability of those who give the statutory indemnity bond, as principal or sureties, is created by contract and the action for damages is upon the contract. Here there was no undertaking and if any liability exists, its foundation is in tort as for malicious prosecution. █ It has been held that where an injunction bond is given, the parties causing the injunction to be issued incur no obligation on the bond if they do not become parties to it, and the liability is that of the sureties alone. (*Lindsay* v. *Flint,* 4 Cal. 88.) No action will lie for improperly suing out an injunction unless it is charged as an abuse of the process of the court, through malice and without probable cause. (*Robinson* v. *Kellum,* 6 Cal. 399.) Want of probable cause and malice are essential ingredients to the complaint, and must be clearly alleged and proved in order to sustain the action. (*Asevado* v. *Orr,* 100 Cal. 293 [34 Pac. 777].) These authorities apply with equal force to applications under which receivers are appointed.

█ The allegation in the complaint that defendant Richardson "did wrongfully and without sufficient cause procure the appointment of the said receiver", while stating facts essential to a complaint in an action upon a statutory indemnity bond, is by no means sufficient to charge malice or want of probable cause in the appointment of the receiver. The appointment might have been procured wrongfully and without sufficient cause and yet in the highest good faith and with the best of motives.

█ Furthermore, the duties of the Building and Loan Commissioner are such as to require the constant exercise of discretion and judgment. In many situations his decisions are necessarily of a judicial nature. In prosecuting the action in question and in procuring the appointment of a receiver he was acting in the exercise of his judgment as a public officer and within his jurisdiction. If he is charged with anything at all except the diligent discharge of his duties, in good faith, it is with an error of judgment in a matter of procedure in a lawsuit. There is no liability upon the part of a public officer under such facts. (21 Cal. Jur. 911; *Downer* v. *Lent,* 6 Cal. 94 [65 Am. Dec. 489] ; *Green* v. *Swift,* 47 Cal. 536; *Ballerino* v. *Mason,* 83 Cal. 447 [23 Pac. 530] ; *Turpen* v.

*Booth,* 56 Cal. 65 [38 Am. Rep. 48]. See, also, *Pearson* v. *Reed,* 6 Cal. App. (2d) 277 [44 Pac. (2d) 592].)

We are cited to no legislative act authorizing an action for damages against the Building and Loan Commissioner, in his official capacity, in the absence of which there exists only the right to sue him as an individual. (21 Cal. Jur. 910; 23 Cal. Jur. 580–582.)

The bond upon which defendant American Bonding Company of Baltimore became surety was conditioned that the principal as Building and Loan Commissioner would well, truly and faithfully perform the duties then required of him by law and such additional duties as might be imposed upon him by law. Since there was no violation of official duty, there was no breach of the condition of the bond (*People* v. *Smith,* 123 Cal. 70 [55 Pac. 765]), and no cause of action was stated against the surety.

The judgment is affirmed.

Houser, P. J., and York, J., concurred.