[No. B153802. Second Dist., Div. One. Sept. 25, 2002.]

TOP CAT PRODUCTIONS, Inc., et al., Plaintiffs and Respondents, v.
MICHAEL'S LOS FELIZ et al., Defendants;
AMERICAN CONTRACTORS INDEMNITY COMPANY, Objector and
Appellant.

**COUNSEL**

Lanak & Hanna, Francis J. Lanak and William J. Allard for Objector and Appellant.

Lamb & Baute, Mark D. Baute and David P. Crochetiere for Plaintiffs and Respondents.

## OPINION

**VOGEL (MIRIAM A.), J.**—A corporate surety issued a preliminary injunction bond based upon an application and promise of indemnity executed by one of several plaintiffs. When the defendants ultimately prevailed and sought judgment on the bond, the surety claimed a right to indemnity against all of the plaintiffs and demanded a judgment in which all of the plaintiffs were made jointly and severally liable with the surety. The trial court rejected the surety's claim, and the surety now appeals. We conclude, as did the trial court, that the surety's rights are a matter of contract and that the only plaintiff liable to the surety is the one who applied for the bond. We therefore affirm the judgment.

### BACKGROUND

#### A.

In the 1990's, Louise's Trattoria, Inc., and Top Cat Productions, Inc., leased space in a commercial building owned by Michael's Los Feliz, L.P.[1] In 1997, Louise's and Top Cat sued Michael's for injunctive relief, and a temporary restraining order was issued at their request. The trial court ordered Louise's and Top Cat to post a $25,000 bond, and a bond was posted. Later, at the request of Louise's and Top Cat, the trial court issued a preliminary injunction and ordered Louise's and Top Cat to post a $75,000 bond, which was posted. In late 1997, Louise's filed a voluntary petition in bankruptcy. Ultimately, the case was resolved against Louise's and Top Cat, and Michael's asked the trial court for a judgment enforcing liability on the bonds. The request was denied and Michael's appealed.

We reversed, finding that Michael's was entitled to recover on the injunction bonds and that its losses exceeded the amount of the bonds. (*Top Cat Productions, Inc. v. Michael's Los Feliz* (Feb. 15, 2001, as mod. Mar. 6, 2001, B128713, consolidated with B125481) [nonpub. opn.].) We remanded the matter to the trial court with directions to enter an order granting Michael's motion for judgment on the bonds "in favor of Michael's and against the appropriate parties[] in the amount of $100,000."

#### B.

On remand, Michael's submitted a proposed judgment against Louise's, Top Cat, and ACIC (the surety, American Contractors Indemnity Company),

---

[1] Individual parties related to these entities are included in our references to the entities.

pursuant to which Louise's, Top Cat, and ACIC would be jointly and severally liable to Michael's in the amount of $100,000. Top Cat objected to the proposed judgment on the ground that it had not applied for the $75,000 bond (Top Cat was the applicant for the $25,000 bond, Louise's for the $75,000 bond) and submitted an alternative judgment making Top Cat and ACIC jointly and severally liable for only $25,000 (and only Louise's and ACIC liable for the remaining $75,000). ACIC, in turn, objected to Top Cat's proposed judgment to the extent it did not make Top Cat jointly liable on the $75,000 bond, claiming that Louise's and Top Cat had both applied for injunctive relief and that both undertakings were given on behalf of both plaintiffs. Michael's then filed a formal motion for the entry of a separate judgment against ACIC and in favor of Michael's, leaving ACIC and Top Cat to resolve their dispute without Michael's participation or, alternatively, a judgment along the lines proposed by Top Cat.

Then and now, the undisputed evidence established that only Louise's applied for the $75,000 preliminary injunction bond, and only Louise's agreed to reimburse ACIC for any losses it incurred by reason of its suretyship. As for the undertaking itself (the piece of paper filed with the court, which includes the entire caption and the names of all plaintiffs and defendants), it states only that ACIC obligated itself, on behalf of "the above named plaintiffs," to satisfy the statutory obligations of "the above named defendants." It is not signed by any of the plaintiffs.

A hearing was held, after which the trial court entered a $100,000 judgment in favor of Michael's, making ACIC, Louise's, and Top Cat jointly and severally liable for $25,000, and ACIC and Louise's (but not Top Cat) jointly and severally liable for the remaining $75,000. ACIC appeals.

DISCUSSION

██ ██  ACIC concedes that a surety bond must be construed according to the same rules as those used in other contracts (*Airlines Reporting Corp. v. United States Fidelity & Guaranty Co.* (1995) 31 Cal.App.4th 1458, 1461 [37 Cal.Rptr.2d 563]), and concedes that Top Cat has "no contractual liability to ACIC on the bond application or indemnity agreement," but nevertheless contends that Top Cat is liable based upon the language of subdivision (a) of section 529 of the Code of Civil Procedure.[2] We disagree.

Subdivision (a) of section 529 provides that, "[o]n granting an injunction, the court or judge must require an undertaking on the part of *the applicant* to the effect that *the applicant* will pay to the party enjoined any damages, not

---

[2]Undesignated section references are to the Code of Civil Procedure.

exceeding an amount to be specified, the party may sustain by reason of the injunction, if the court finally decides that *the applicant* was not entitled to the injunction. . . ." (Italics added.) ACIC offers no authority for its suggestion that, as used in this statute, "applicant" includes all named plaintiffs without regard to which of them applied for the undertaking. We know of none.

Read in context, it is clear that "applicant," as used in section 529 (part of the statutory scheme governing injunctions), is not synonymous with "all plaintiffs named in the complaint" or even with "all plaintiffs protected by the injunction." Related statutes confirm our interpretation. Section 995.170 (part of the statutory scheme governing bonds and undertakings) defines "principal" to mean "the person who gives a bond," which necessarily means the person who applies for the bond, puts his assets at risk, and pays the premium for the bond. (§ 995.170, subd. (a).) Section 2847 of the Civil Code provides that "[i]f a surety satisfies the principal obligation, . . . *the principal is bound* to reimburse what [the surety] has disbursed, including necessary costs and expenses; *but the surety has no claim for reimbursement against other persons, though they may have been benefited by [the surety's] act,* except as [to co-sureties]." (Italics added; and see *Lindsay v. Flint* (1854) 4 Cal. 88, 89 [rejecting a claim that there could be "constructive parties jointly liable with the proper obligors"]; *Asevado v. Orr* (1893) 100 Cal. 293, 299 [34 P. 777] [only "a party to the undertaking" is liable on the undertaking]; *Jones v. Richardson* (1935) 9 Cal.App.2d 657, 660 [50 P.2d 810] ["where an injunction bond is given, the parties causing the injunction to be issued incur no obligation on the bond if they do not become parties to it, and the liability is that of the sureties alone"]; *City of South San Francisco v. Cypress Lawn Cemetery Assn.* (1992) 11 Cal.App.4th 916, 921 [14 Cal.Rptr.2d 323] [the bond and undertaking statutes apply to the bond required by section 529].)

The "purpose of requiring security is to afford compensation to the party wrongly enjoined or restrained" (*City of South San Francisco v. Cypress Lawn Cemetery Assn., supra,* 11 Cal.App.4th at p. 922), not to prevent one of several plaintiffs—or even a nonparty—from assuming the cost and exposure incident to a bond. Where a willing corporate surety accepts an application and a promise of indemnity from one of several plaintiffs and issues a statutory bond, the surety's indemnity rights are limited to those it obtained by contract. Here, therefore, it is the application for the bond with its included indemnity agreement—executed by Louise's and only Louise's—that determines the identity of the principal, and Louise's subsequent bankruptcy neither excuses ACIC from the liability it assumed nor gives ACIC the right to make Top Cat liable for a risk Top Cat did not assume. (*Treweek v. Howard* (1895) 105 Cal. 434, 446 [39 P. 20].)

## DISPOSITION

The order is affirmed. Top Cat is awarded its costs of appeal.

Ortega, Acting P. J., and Mallano, J., concurred.

A petition for a rehearing was denied October 16, 2002, and appellant's petition for review by the Supreme Court was denied January 15, 2003.