[No. B175822. Second Dist., Div. One. Nov. 28, 2005.]

AMWEST SURETY INSURANCE COMPANY, Plaintiff and Appellant, v. PATRIOT HOMES, INC., et al., Defendants and Respondents.

## COUNSEL

Watt, Tieder, Hoffar & Fitzgerald, Robert C. Niesley and David F. McPherson for Plaintiff and Appellant.

Knopfler, Smith & Pazos, George Knopfler and James Pazos for Defendants and Respondents

## OPINION

**ROTHSCHILD, J.**—Pursuant to a series of indemnity contracts, plaintiff, Amwest Surety Insurance Company, provided construction and other bonds to David Schwartzman, Trust A of the Ziegler Family Trust, Patriot Homes, Inc., and Patriot Homes—Maple Drive, L.L.C. (collectively, defendants), as part of their real estate development business. In the course of defendants' business, a real estate broker obtained a judgment against Patriot Homes, Inc. and Patriot Homes—Maple Drive, L.L.C. (collectively, contractor defendants). Contractor defendants appealed, and, at their request, Amwest provided an appeal bond for them. (Code Civ. Proc., § 917.1.) Contractor defendants lost the appeal, but refused to pay the judgment and Amwest, acting as surety, paid the judgment. Amwest then brought this action against (1) all defendants for breach of the indemnity contract and (2) contractor defendants for statutory indemnity (Civ. Code, § 2847). After a court trial, the court accepted defendants' argument that the indemnity agreements did not cover appeal bonds, and entered judgment for defendants on the contract (first) cause of action, and judgment for Amwest on the statutory indemnity (second) cause of action against only contractor defendants.

Amwest appeals from the portion of the judgment in favor of all defendants on the contract cause of action. Amwest contends that the trial court erred because the indemnity agreements covered all bonds, including appeal bonds. We agree with Amwest, reverse the judgment on the contract cause of action and the related attorney fees and costs award, and remand for the trial court to enter judgment in favor of Amwest on the contract cause of action against all the defendants and redetermine the related fees and costs. In all other respects, we affirm the judgment.[1]

---

[1] The trial court entered judgment on March 10, 2004. On May 21, 2004, Amwest moved for a new trial, arguing as it does on appeal that it was entitled to judgment on the breach of contract cause of action, and seeking prejudgment interest and costs on the judgment in its favor on the statutory indemnification cause of action. On June 1, 2004, while the new trial motion was pending, Amwest filed a timely notice of appeal from the March 10, 2004 judgment. Thereafter, the trial court denied Amwest's new trial motion on the legal issue raised in this appeal, but on December 9, 2004 issued a modified judgment awarding (1) Amwest prejudgment interest and costs against only contractor defendants on the statutory indemnity cause of action and (2) Schwartzman and Trust A (the two defendants who had prevailed on both causes of action) costs and $55,000 in attorney fees. We reject defendants' contention that we should dismiss Amwest's appeal because it failed to appeal from the modified December 9, 2004 judgment, which defendants claim is the only final appealable judgment. The modified judgment added only prejudgment interest, costs, and attorney fees to the original judgment, and made no substantive changes to the earlier judgment which finally disposed of all legal issues between the parties. As such, Amwest's appeal properly is before us, because (1) the March 10 judgment was a final judgment regarding the parties' legal dispute which the December 9 modification did not materially

## FACTS

The relevant facts are undisputed. On November 21, 1996, Amwest and all defendants executed one of the indemnity agreements in the opening paragraph of which all defendants agreed to indemnify Amwest as the surety "in connection with *any* Bonds written on behalf of" the contractor defendants as principals. (Italics added.)[2] The agreement defined "Bond" as "Any contractual obligation undertaken by Surety for Principal," and "Contract" as "Any agreement of Principal, including that which is bonded by the Surety."

The agreement provided that defendants would fully indemnify Amwest for any losses arising from Amwest's execution of "any" bond for contractor defendants. The agreement also stated that contractor defendants would be in default "with respect to a Contract and hereunder" if they breached any contract or any part of the agreement. The agreement also included many specific provisions granting Amwest various rights and remedies in case of default under a contract, most of which applied only to construction contracts where Amwest provided a performance bond. Thus, for example, the agreement permitted Amwest, at its option, to take over contractor defendants' contracts, equipment, or records or loan money to complete any contract if contractor defendants defaulted; assigned the contracts and any funds due under them to Amwest as security in case of default; and gave Amwest free access to defendants' books and records until they could establish that Amwest would not suffer any loss from the issuance of the bond.

While the indemnity agreement was in effect, a real estate broker obtained a judgment against contractor defendants. At contractor defendants' request, Amwest filed a surety bond under Code of Civil Procedure section 917.1 obligating it to pay the broker $184,790.13 "under said statutory obligations" in exchange for contractor defendants' payment of a $3,696 annual premium. The appellate court affirmed the judgment for the broker. Contractor defendants refused to pay the judgment, and their counsel

---

change, and, alternatively, (2) the appeal should " 'be treated as a premature but valid appeal from the judgment.' " (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 698–700 [107 Cal.Rptr.2d 149, 23 P.3d 43]; see *Neff v. Ernst* (1957) 48 Cal.2d 628, 633–634 [311 P.2d 849].)

[2] Amwest, Schwartzman, Trust A, and Patriot Homes, Inc., executed several identical indemnity agreements covering other real estate limited partnerships owned by those defendants.

wrote Amwest that it was "free to make payment on this judgment pursuant to" the appeal bond and that contractor defendants "do[] not have the means to pay the judgment or to pay you relative to any indemnity agreement." When defendants failed to pay the judgment, Amwest paid the full amount.

Thereafter, Amwest brought this lawsuit against defendants for breach of the indemnity contract and statutory indemnity. After a court trial, the court entered judgment for all defendants on the breach of contract cause of action, and judgment for Amwest against the contractor defendants on the statutory indemnity cause of action. The trial court found that the indemnity agreement was subject to only one reasonable interpretation—that it did not apply to an appeal bond because the bond was a statutory, not contractual, obligation of the bonding company. The court thus concluded that the agreement "was intended to apply only to bonds given to secure the performance of a contract or . . . to 'contract bonds.' " The trial court supported its findings by pointing to the agreement's repeated references to contracts, definition of bonds as contractual obligations by the surety for the principal, its references in the default, remedies, and assignment sections to contract bonds, and its lack of references to appeal bonds or statutory obligations.

## DISCUSSION

Amwest contends the trial court erred in entering judgment for defendants on the breach of indemnity contract cause of action. Amwest argues that the indemnity agreement covered all bonds, including the appeal bond at issue here. Amwest also argues that the appeal bond was a contract obligating Amwest to pay the judgment against contractor defendants, thus bringing it under the indemnity agreement. We agree.[3]

 ■ "In general, a surety bond is interpreted by the same rules as other contracts. . . . That is, we seek to discover the intent of the parties, primarily by examining the words the parties have chosen . . . giving effect to the ordinary meaning of those words. . . . Finally, ' "[w]here a surety bond is given pursuant to the requirements of a particular statute, the statutory

---

[3] As discussed in footnote 1, the issue is not moot. Contractor defendants claim to be insolvent, and Amwest thus may not be able to recover on the judgment in its favor on the statutory indemnity cause of action against them. Moreover, Amwest, not the remaining defendants, would be entitled to attorney fees if it prevailed on the breach of indemnity cause of action.

provisions are incorporated into the bond." ' " (*Corby v. Gulf Ins. Co.* (2004) 114 Cal.App.4th 1371, 1375 [8 Cal.Rptr.3d 663], citations omitted; see *Cates Construction, Inc. v. Talbot Partners* (1999) 21 Cal.4th 28, 39 [86 Cal.Rptr.2d 855, 980 P.2d 407]; *Top Cat Productions, Inc. v. Michael's Los Feliz* (2002) 102 Cal.App.4th 474, 477 [125 Cal.Rptr.2d 553].) Where, as here, the facts are undisputed and no parol evidence was received regarding the parties' intentions, we independently review the indemnity agreement's contractual language. (*City of Chino v. Jackson* (2002) 97 Cal.App.4th 377, 382, 384–385 [118 Cal.Rptr.2d 349] [similar indemnity agreement applied to all bonds].)

■ We agree with Amwest that the general indemnity agreement covered the appeal bond and that defendants breached the agreement by not paying the judgment or indemnifying Amwest for doing so as surety for the bond. The agreement repeatedly and expressly states that it applies to all bonds and thus undisputedly includes appeal bonds if they meet the definition of a bond, i.e. "any contractual obligation undertaken by Surety for Principal." Contrary to defendants' claim, the appeal bond itself is a contract which simply incorporates the terms dictated by statute. Amwest supplied the appeal bond pursuant to the appeal bond agreement. Merely because its terms are provided by statute in no way means it is not a contract as it contractually obligates the surety to pay the contractor defendants' judgment. We reject defendants' argument that the references in the default, remedies, and assignments sections to construction bonds and Amwest's options in the event of default somehow alter our analysis. Although those provisions provide Amwest various options to cure defendants' defaults on construction bonds, they do not limit the overall agreement to such bonds. Indeed, the default provision states that the principal will be in default under a contract or under the indemnity agreement by breaching any portion of the indemnity agreement. Failing to pay the judgment after the appeal was unsuccessful, or failing to reimburse Amwest under the appeal bond, breached the agreement. Accepting defendants' argument would read out of the agreement its repeated express language that it applies to all bonds, not just construction bonds, violating one of the basic rules of contract construction. Thus, the agreement covered the appeal bond, and defendants breached it by not paying the judgment, or indemnifying Amwest. The trial court erred in not entering judgment for Amwest on the breach of contract cause of action against all defendants.

## DISPOSITION

The judgment and attorney fees and costs award for defendants on the breach of contract (first) cause of action are reversed. The case is remanded for the trial court to enter judgment for Amwest and against all defendants on the breach of contract cause of action and redetermine costs and attorney fees thereon in light of the changed judgment. The judgment and interest and costs award for Amwest on the statutory indemnity (second) cause of action are affirmed. Amwest is awarded its costs on appeal.

Spencer, P. J., and Vogel, J., concurred.

A petition for a rehearing was denied December 16, 2005.