Filed 2/10/16  Bilauca v. San Francisco Bay Area Rapid Transit CA1/4

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| EMANUEL BILAUCA,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT,<br><br>    Defendants and Respondents. | A143239<br><br>(Alameda County<br>Super. Ct. No. RG13664083) |

## I.

## INTRODUCTION

Appellant Emanuel Bilauca appeals from a judgment entered in favor of respondent San Francisco Bay Area Rapid Transit District (BART) after the trial court granted BART's unopposed motion for summary judgment.  Preliminarily, we note that appellant has not provided a properly supported statement of facts in his opening brief. The California Rules of Court require that litigants provide a summary of significant facts supported by references to the appellate record.  (Cal. Rules of Court, rule 8.204(a)(1)(C), (2)(C); *Cassidy v. California Bd. of Accountancy* (2013) 220 Cal.App.4th 620, 628 (*Cassidy*) [appellate court disregards assertions and arguments that lack record references]; *Liberty National Enterprises, L.P. v. Chicago Title Ins. Co.* (2011) 194 Cal.App.4th 839, 846 [court may disregard factual assertions that lack record references].)  Appellant's status as an in propria persona litigant does not excuse him

from the duty to comply with these rules. An appellant in propria persona is held to the same standard of conduct as that of an attorney on appeal. (*Cassidy*, at p. 628.)

In addition to making statement of facts lacking supporting citations to the record, appellant also violates the appellate procedural rule that an appellant must fairly set forth all the significant facts, not just those beneficial to him. (*Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 881; *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246.) Finally, his brief is almost entirely devoid of reasoned argument and citations to authority. (*Cahill v. San Diego Gas & Electric Co*. (2011) 194 Cal.App.4th 939, 956 [court may treat points not supported with cogent argument and authority as waived].)

Because appellant's briefs on appeal fail to comply with these rules, the judgment below would be affirmed on those grounds. However, as BART points out in its appellate brief, this appeal must be dismissed because it was not timely filed.

## II.

## PROCEDURAL AND FACTUAL BACKGROUNDS

On January 18, 2013, appellant filed his complaint alleging personal injuries resulting from BART's negligence. The complaint alleged that on January 1, 2012, appellant was a passenger on a BART train when he "was attacked by an unknown person." Appellant alleged common carrier liability under Civil Code section 2100. The complaint was filed on behalf of appellant by legal counsel. On March 15, 2013, BART filed its answer and alleged various affirmative defenses, including one asserting immunity from suit under of Government Code section 845.[1]

On December 6, 2013, BART filed a motion for summary judgment, which alleged three issues: (1) that there was no common carrier liability absent evidence of notice of criminal attacks aboard BART trains; (2) immunity under Government Code

---

[1] Government Code section 845 provides "[n]either a public entity nor a public employee is liable for failure to establish a police department or otherwise provide police protection service or, if police protection is provided, for failure to provide sufficient police protection service."

section 845; and (3) an insufficient allegation that any act or omission by BART proximately caused appellant any harm.

No opposition to the motion was filed by or on behalf of appellant. When the time to file opposition had passed, BART filed a statement of nonopposition on February 21, 2014.

On February 28, 2014, the trial court granted the motion for summary judgment. Specifically, the trial court ruled that BART had sustained its burden of proof on all three issues. BART then filed a motion for defense costs pursuant to Code of Civil Procedure section 1038 for the filing of a frivolous action. That motion, too, was unopposed, and BART filed a statement of nonopposition on March 26, 2014. The motion was thereafter granted, and BART was awarded attorney fees of $10,557.

Judgment was entered in favor of BART and against appellant in the amount of $10,557 on May 16, 2014, and a notice of entry of judgment was signed and served on appellant's counsel on May 20, 2014, and was filed on May 22, 2014.

On May 30, 2014, BART filed a memorandum of costs in the amount of $2,402.36, which was granted, and an amended judgment in the amount of $13,870 was filed on September 2, 2014, after BART's counsel sent the proposed amended judgment to appellant's counsel and did not receive any response.

On October 7, 2014, appellant filed a notice of appeal in propria persona.

### III.

### APPELLANT'S APPEAL IS UNTIMELY

In its respondent's brief, BART contends that appellant's appeal was not timely filed. Appellant does not address this contention in his appellate reply brief.

BART correctly notes that under the applicable rule, the notice of appeal had to be filed on or before the earliest of 60 days after the clerk of the court served a notice of entry of judgment on the party filing the notice of appeal, 60 days after service by a party of a document entitled "Notice of Entry of Judgment," or 180 days after entry of judgment. (Cal. Rules of Court, rule 8.104.) In this case, the judgment was filed on May 16, 2014, and notice of entry of judgment was signed and served on appellant's

3

counsel on May 20, 2014, and was filed on May 22, 2014. Therefore, under this rule, appellant was required to file his notice of appeal no later than July 22, 2014. As noted, his notice of appeal was not filed until October 7, 2014.

The fact that an amended judgment was filed on September 2, 2014, to add the costs awarded to BART did not act to extend the time to file appellant's notice of appeal. "It is well settled, however, that '[w]here the judgment is modified merely to add costs, attorney fees and interest, the original judgment is not substantially changed and the time to appeal it is therefore not affected.' (Eisenberg et al., Cal. Practice Guide: Civil Appeals & Writs ([2015]) ¶ 3:56:3, p. 3–[30]; see *Amwest Surety Ins. Co. v. Patriot Homes, Inc*. (2005) 135 Cal.App.4th 82, 84, fn. 1 . . . .) 'When a party wishes to challenge both a final judgment and a postjudgment costs/attorney fee order, the normal procedure is to file two separate appeals: one from the final judgment, and a second from the postjudgment order.' (Eisenberg et al., *supra*, ¶ 2:156.1, p. 2–[95].)" (*Torres v. City of San Diego* (2007) 154 Cal.App.4th 214, 222, italics omitted.)

Therefore, we must dismiss the appeal as untimely. " 'Compliance with the time for filing a notice of appeal is mandatory and jurisdictional. [Citations.] If a notice of appeal is not timely, the appellate court must dismiss the appeal.' [Citations.]" (*Ellis v. Ellis* (2015) 235 Cal.App.4th 837, 842.)

**IV.**

**DISPOSITION**

The appeal is dismissed as having been untimely filed. In the interests of justice, each side is to bear their respective costs on appeal.

4

_____
RUVOLO, P. J.

We concur:

_____
REARDON, J.

_____
STREETER, J.

A143239, *Bilauca v. San Francisco Bay Area Rapid Transit*

5