Filed 1/24/23  Worsnop v. Dept. of General Services CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| JAMES WORSNOP, | C091167 |
| Plaintiff and Appellant, | (Super. Ct. No. 34-2014-00169278-CU-CR-GDS) |
| v. | |
| DEPARTMENT OF GENERAL SERVICES, et al., | |
| Defendant and Respondent. | |

Plaintiff James Worsnop appeals from an order granting summary adjudication to his former employer, defendant Department of General Services (DGS), on his disability discrimination cause of action under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et. seq.; statutory section citations that follow are found in the Government Code unless otherwise stated).  He contends the trial court applied an incorrect statute of limitations to DGS's pre-termination conduct, failed to apply the continuing violation doctrine for conduct that occurred outside the statutory period, and ignored alleged post-termination Labor Code violations.

1

We requested supplemental briefing on whether the appeal was timely filed. Having considered the parties' supplemental briefs, we conclude that Worsnop failed to file his notice of appeal before the deadline to appeal expired. We therefore dismiss the appeal without reaching the merits of his appellate contentions.

FACTS AND HISTORY OF THE PROCEEDINGS

While working for DGS, Worsnop received several negative performance evaluations and other adverse employment actions. DGS terminated Worsnop effective June 30, 2011. A few months after he was terminated, Worsnop was diagnosed with a brain tumor. He underwent surgery to remove the tumor in October 2011.

The day before his termination took effect, Worsnop filed an administrative complaint with the Department of Fair Employment and Housing (DFEH), alleging differential treatment and harassment, denial of a reasonable accommodation, and failure to engage in the interactive process. Worsnop also appealed his termination to the State Personnel Board (SPB).

Worsnop and DGS verbally stipulated to settle the SPB appeal proceedings on April 6, 2012. Among other things, the parties agreed that Worsnop would withdraw his appeal and waive any right to pursue his appeal in exchange for DGS withdrawing the termination notice, reinstating him effective June 30, 2011, and placing him on administrative leave for one year from April 6, 2012, to April 5, 2013. Worsnop further agreed to resign from DGS, and he released any claim relating to the dispute that was settled and specifically waived Civil Code section 1542.

Pursuant to the stipulated settlement, in April 2012 Worsnop resigned from DGS effective April 5, 2013. A month later, he filed a "Confirmation of Settlement Between Parties" with DFEH, stating that he had reached a "global settlement" with DGS that "required [him] to waive [his] DFEH claims, and release [DGS] from those claims," and he requested that "DFEH and EEOC not proceed any further with [his] complaint." Thereafter, DFEH closed Worsnop's case and issued him a right-to-sue notice on

2

May 14, 2012.  Worsnop did not file a civil complaint within one year of the right-to-sue notice.

On September 27, 2013, Worsnop filed a second administrative complaint with DFEH, primarily asserting the same allegations from his first administrative complaint. DFEH issued Worsnop a second right-to-sue notice on September 27, 2013.  On September 23, 2014, over two years after receiving his first DFEH right-to-sue notice but less than a year after his second DFEH right-to-sue notice, Worsnop filed a verified complaint for damages against DGS.  After multiple demurrers, only Worsnop's FEHA disability discrimination claim remained.

In December 2018, DGS moved for summary judgment, or in the alternative, summary adjudication on Worsnop's FEHA disability discrimination claim on six grounds.  Worsnop opposed the motion.  The trial court granted summary adjudication on two grounds, which it found dispositive, and did not reach the remaining four issues.

On March 11, 2019, the trial court entered judgment in DGS's favor with costs to be awarded as permitted by law.  The word "proposed" on the judgment is crossed out by interlineation, and Judge Krueger signed the judgment on March 11, 2019, the same date the judgment was file-stamped.  DGS served Worsnop with a notice of entry of judgment by mail on March 15, 2019.

In April 2019, DGS filed a memorandum of costs, which Worsnop moved to strike or tax.  DGS subsequently sought to file an amended memorandum of costs, and during the proceedings in June 2019, Worsnop's counsel objected to "the sufficiency of notice of proof of service for notice of entry of judgment[,]" claiming the first time counsel learned of the notice of entry of judgment was in the trial court's tentative ruling on DGS's request to file an amended cost memorandum.  When the court asked counsel whether she had received the notice of entry of judgment, she responded that she had not.  DGS's counsel represented that the notice of entry of judgment was mailed to Worsnop as stated in the attached proof of service.

3

After additional briefing and hearings, the trial court granted in part and denied in part Worsnop's motion to tax costs. The court's minute order directed the clerk "to enter costs in the amount of $7,854.94 on the judgment."

The "Memo of Costs Clerk" made the following handwritten notation on the judgment that had previously been entered on March 11, 2019: "Costs = $7,854.94." The words "Costs Posted" are also handwritten on the judgment with the date of October 28, 2019, stamped next to the notation.

Worsnop filed a notice of appeal on December 19, 2019, purporting to appeal from a "Judgment after an order granting a summary judgment motion" that "was entered on October 15, 2019."

## DISCUSSION

Rule 8.104 of the California Rules of Court governs the timeliness of an appeal in a civil action. As relevant here, the rule provides in part that a notice of appeal must be filed on or before the earliest of 60 days after the party filing the notice of appeal is served with a document entitled "Notice of Entry" of judgment, or 180 days after entry of judgment. (Cal. Rules of Court, rule 8.104(a)(1)(B) & (C); further rule references are to the California Rules of Court.) Except in emergency circumstances not applicable here, no court may extend the time to file a notice of appeal. (Rule 8.104(b).) If a notice of appeal is filed late, the reviewing court must dismiss the appeal. (*Ibid.*)

After examining the record, we requested supplemental briefing from the parties on whether Worsnop timely filed his notice of appeal under rule 8.104. In response, Worsnop essentially argues that the judgment was not final and appealable until the cost proceedings were concluded, and the trial court amended the judgment to add the cost award. Because he filed his notice of appeal within 60 days of costs being added to the judgment, he contends his appeal is timely.

4

In this case, the record shows that the trial court entered judgment for DGS on March 11, 2019, with costs to be awarded as permitted by law. Four days later, on March 15, 2019, DGS served Worsnop with a notice of entry of judgment by mail. Costs were posted to the judgment on October 28, 2019, without substantively changing the judgment, and Worsnop filed his notice of appeal on December 19, 2019.

Given the above, whether we calculate the appellate deadline as 60 days from service of the notice of entry of judgment, as DGS argues, or 180 days from entry of the judgment, Worsnop failed to timely file his notice of appeal.

Under the 60-day notice of entry of judgment deadline, Worsnop had until May 14, 2019, to file his notice of appeal. (Rule 8.104(a)(1)(B); Code. Civ. Proc. § 1013, subd. (a) [in case of service by mail, statutory five-day extension to do an act does not apply to the filing a notice of appeal].) Worsnop filed his appeal seven months late in December 2019.

Even if we disregard the notice of entry of judgment deadline in rule 8.104(a)(1)(B), since Worsnop's counsel objected during a memorandum of cost hearing that she did not receive the notice of entry of judgment by mail, and she asserts the same in Worsnop's supplemental reply brief, Worsnop's appeal is still untimely under rule 8.104(a)(1)(C) because he did not file his notice of appeal by September 9, 2019,[1] that is, within 180 days of the trial court entering judgment on March 11, 2019. (Rule 8.104(a)(1)(C).)

---

[1] Because the 180th day fell on Saturday, September 7, 2019, the deadline to file the notice of appeal was extended to the next business day on Monday, September 9, 2019. (Code Civ. Proc., §§ 12, 12a, subd. (a) ["If the last day for the performance of any act provided or required by law to be performed within a specified period of time is a holiday, then that period is hereby extended to and including the next day that is not a holiday. For purposes of this section, 'holiday' means all day on Saturdays . . . ."].)

Worsnop's argument—that the time to appeal did not begin to run until the trial court posted costs to the judgment on October 28, 2019—is unavailing. Established authority is to the contrary.

It is well settled that " '[t]he effect of an amended judgment on the appeal time period depends on whether the amendment substantially changes the judgment . . . .' " (*Torres v. City of San Diego* (2007) 154 Cal.App.4th 214, 222.) " 'Where the judgment is modified merely to add costs . . . , the original judgment is not substantially changed and the time to appeal it is therefore not affected.' " (*Ibid.*; see also, *Amwest Sur. Ins. Co. Patriot Homes, Inc.* (2005) 135 Cal.App.4th 82, 84, fn. 1.)

Here, unlike Worsnop asserts, the October 2019 order awarding DGS nearly $7,000 in costs did not amend the March 11, 2019, judgment in any substantive way. Rather, the judgment was merely modified to add the cost award. Accordingly, at a minimum, Worsnop had to file his notice of appeal by September 9, 2019. (Rule 8.104(a)(1)(C).) Because he concedes he did not file his notice of appeal until December 19, 2019, nearly two months late, his appeal is untimely.

Worsnop's contention that the jurisdictional deadline to appeal was somehow extended because the trial court granted summary adjudication on only two grounds without reaching the remaining four issues DGS raised in its motion is likewise without merit. As the trial court properly noted, the two issues upon which it granted summary adjudication disposed of Worsnop's entire disability discrimination claim thus making it unnecessary to address DGS's additional asserted grounds for summary judgment. (See e.g., *Canyon Crest Conservancy v. County of Los Angeles* (2020) 46 Cal.App.5th 398, 413, fn. 8 [the court did not address every issue the parties raised where it found the appellant failed to meet its burden on certain issues].) The court's written order, moreover, did not violate Code of Civil Procedure section 437c, subdivision (g) as Worsnop argues.

6

Code of Civil Procedure section 437c, subdivision (g) provides in relevant part: "Upon the grant of a motion for summary judgment on the ground that there is no triable issue of material fact, the court shall, by written or oral order, specify the reasons for its determination. The order shall specifically refer to the evidence proffered in support of and, if applicable, in opposition to the motion that indicates no triable issue exists."

The order cites the trial court's reasons for granting summary adjudication and the evidence presented on the issues decided as statutorily required

Finally, we see no reason that the lengthy proceedings to determine costs should extend the time to appeal from the final judgment previously entered. Worsnop, had he been so inclined, could have appealed from both the final judgment and any postjudgment cost order. (*Torres v. City of San Diego, supra*, 154 Cal.App.4th at p. 222 [" 'When a party wishes to challenge both a final judgment *and* a postjudgment costs/attorney fee order, the normal procedure is to file *two separate appeals*: one from the final judgment, and a second from the postjudgment order' "].) Thus, any delay in resolving the cost proceedings did not affect his ability to timely appeal the judgment.

Finally, we disregard Worsnop's argument, raised for the first time in his supplemental reply brief, that his "case is about Respondent's status as a 'prevailing party' making it eligible to recoverable [*sic*] costs specifically found in CCP [Code of Civil Procedure] § 1033.5(c)(2)(3)." Worsnop never challenged the cost award in his initial appellate briefing, nor even cited Code of Civil Procedure section 1033.5. He cannot belatedly challenge the cost award now. (*WorldMark, The Club v. Wyndham Resort Development Corp.* (2010) 187 Cal.App.4th 1017, 1030, fn. 7 [appellant may not raise new argument which should have been raised in the initial brief; arguments raised for the first time in the reply brief are untimely and may be disregarded].)

While Worsnop's circumstances may be unfortunate, he is not excused from timely filing a notice of appeal before pursuing his claims on appeal. Because he failed to do so, we must dismiss his appeal. (Rule 8.104(b).)

DISPOSITION

The appeal is dismissed.  DGS is awarded its costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1), (2).)

_____,

HULL, Acting P. J.

We concur:

_____,

DUARTE, J.

_____,

RENNER, J.

8