Filed 1/16/26 (unmodified opn. attached); order of pub. of entire opinion 1/16/26 (order attached)
**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| DAEVIEON TOWNS et al., | B324360 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. 20STCV27223) |
| v. | |
| HYUNDAI MOTOR AMERICA, | ORDER MODIFYING OPINION AND DENYING REHEARING [NO CHANGE IN JUDGMENT] |
| Defendant and Appellant. | |

THE COURT:*

It is ordered that the opinion filed herein on December 22, 2025, be modified as follows:

1. On page 17, footnote 5, change the date of May 30, 2023, to May 30, 2018.
2. On page 17, footnote 5, change the date of April 11, 2023, to April 11, 2018.
3. On page 17, footnote 5, change the date of May 30, 2023, to May 30, 2018.

There is no change in the judgment.

Hyundai Motor America's petition for rehearing is denied.

---

*ZUKIN, P. J.          COLLINS, J.          TAMZARIAN, J.

**CERTIFIED FOR PARTIAL PUBLICATION***


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR


| | |
|---|---|
| DAEVIEON TOWNS et al., | B324360 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. 20STCV27223) |
| v. | |
| HYUNDAI MOTOR AMERICA, | |
| Defendant and Appellant. | |


APPEAL from a judgment of the Superior Court of Los Angeles County, Yolanda Orozco, Judge.  Affirmed in part; Reversed in part and Remanded.

Knight Law Group and Roger Kirnos; Greines, Martin, Stein & Richland, Cynthia E. Tobisman, Joseph V. Bui, John J. Metzidis and Jeffrey Gurrola for Plaintiffs and Appellants.

Bowman and Brooke, Brian Takahashi and Robert A. Brundage for Defendant and Appellant.

---

*Under California Rules of Court, rules 976(b) and 976.1, only the Introduction, Background, sections II-III (standing and damages) of the Discussion, and the Disposition are certified for publication.

# INTRODUCTION

The Song-Beverly Consumer Warranty Act (the Act) allows the buyer of a defective car to obtain restitution from the car's manufacturer. (Civ. Code, §§ 1793.2, 1794.)[1]  But what if the buyer is not the person who drives the car; may the driver also obtain restitution under the Act?  And what if the car is wrecked in a collision before the manufacturer provides restitution; may the manufacturer subtract any insurance payout received by the buyer from its own restitution payment?  We conclude the answer to these questions is no.

Appellants/cross-respondents Daevieon Towns (Towns) and his wife Lashona Johnson (Johnson) filed a complaint against respondent/cross-appellant Hyundai Motor America (Hyundai), alleging violations of the Act.  Towns and Johnson prevailed at trial but did not receive all the damages they requested.  They now appeal the trial court's decision to reduce their damages award by the amount of an insurance payment they received when their car was totaled, along with the amount of prejudgment interest and costs awarded.  Hyundai cross-appeals the trial court's decision to allow Johnson to proceed with a claim under the Act even after finding she was not a buyer of the vehicle, and also challenges the award of interest and costs.

In the published portion of this opinion, we hold: (1) a person who is not a buyer does not have standing to pursue a claim under the Act, and (2) third-party insurance payments do not reduce the amount of damages available under the Act.  In the unpublished portion, we conclude Hyundai's obligations under the Act do not "aris[e] from contract" within the meaning of section 3288, which allows for the recovery of prejudgment interest in the

---

[1]     All future statutory references are to the Civil Code, with the sole exception of Code of Civil Procedure section 998, which is referred to as "section 998."

2

discretion of the jury.  Therefore, we affirm in part, reverse in part, and remand for the trial court to reconsider any award of costs in light of the modifications to the judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

On October 21, 2016, Towns signed a contract to purchase a new 2017 Hyundai Elantra (the vehicle) for $26,673.30.  Over the ensuing 19 months, the vehicle was returned to the dealership for repairs seven times.  On March 21, 2018, either Johnson or Towns (the record is not clear which) called Hyundai and asked it to buy the vehicle back.  On May 27, 2018, the vehicle was broadsided in a hit and run accident and declared a total loss.  Johnson's insurer paid her $14,710.91 in compensation for the vehicle.

I.     *Litigation*

On July 20, 2020, Towns filed a complaint against Hyundai, asserting causes of action under the Act for breach of express warranty, breach of implied warranty, and violation of section 1793.2.  The complaint alleged that the vehicle had serious electrical and engine defects Hyundai was unable to repair.  It further alleged that Hyundai refused to buy the vehicle back.

On October 6, 2020, Hyundai served Towns with an offer to compromise pursuant to section 998.  The offer provided that Hyundai would pay Towns $33,000, plus attorney's fees, in exchange for Towns's agreement to dismiss the complaint with prejudice.  Towns did not accept.

In mid-2022, with trial set for August of that year, Towns sought leave to file a first amended complaint adding Johnson to the case as a plaintiff.  Towns's moving papers are not part of the record on appeal.  Hyundai argued in opposition that Johnson lacked standing to pursue a claim, and that the

3

motion was untimely. On reply, Towns argued Johnson was an indispensable party.

At the initial hearing, held on July 1, 2022, the trial court was prepared to deny the motion, explaining that it "border[ed] on frivolous" to argue that Johnson had standing because she was not the buyer of the vehicle. Counsel for Towns then cited this division's opinion in *Patel v. Mercedes-Benz USA, LLC* (2019) 43 Cal.App.5th 1007 (*Patel*) for the first time. The trial court continued the hearing for supplemental briefing on *Patel*.

In his supplemental brief, Towns argued that Johnson was a proper party because she was Towns's wife, the vehicle was purchased for her use, and she was the person responsible for the vehicle. No evidence was submitted with the supplemental briefing; Towns's argument relied on representations made by his counsel. In its supplemental brief, Hyundai argued that Towns was the person who signed the contract and that being the primary driver of the vehicle did not make Johnson the buyer.

On July 19, 2022, after the continued hearing, the trial court granted leave to file the amended complaint adding Johnson to the case. The court ruled Johnson was not a buyer of the vehicle, but that *Patel* allowed her to proceed as plaintiff anyway: "[t]he undisputed evidence before the Court demonstrated that Ms. Johnson was not a 'buyer' of the Subject Vehicle. . . . The sole issue before the Court following the continuance of the prior hearing date and following the submission of supplemental briefing by the parties, is whether *Patel* . . . provides authority to permit Ms. Johnson—who is not the 'buyer' of the Subject Vehicle—to maintain and pursue causes of action under the Song-Beverly Consumer Warranty Act. . . . Ms. Johnson constitutes a party who was 'affected by the breach and the efforts to have the vehicle

4

repaired[,]' and, thus, may be properly added as a Plaintiff to this action. (*Patel, supra,* 43 Cal.App.5th at p. 1018.)" (Italics added.)

The first amended complaint was filed on July 21, 2022. The addition of Johnson's name and an allegation that the vehicle was purchased for her primary use were the only substantive changes. Neither side raised the issue of Johnson's standing again until after trial.

## II.    *Trial*

Jury trial commenced on August 22, 2022. Counsel gave opening statements on August 24, 2022, and the jury heard testimony from five witnesses over the next five days of trial. During the trial, Towns and Johnson dismissed their second and third causes of action, opting to proceed only on the claim for breach of express warranty under the Act.

On September 1, 2022, the jury returned a verdict in favor of Towns and Johnson. The jury calculated Towns and Johnson's damages as $28,718.98, but the court imposed an offset in the amount of the insurance payment Johnson received for the vehicle after it was totaled. This, in combination with other offsets, resulted in a total damages award of $9,374.92. The jury also awarded prejudgment interest and $18,749.84 in civil penalties. On September 27, 2022, the court entered judgment in favor of Towns and Johnson.

## III.    *Post-Trial Proceedings*

Both sides appealed the judgment. Hyundai filed a motion for JNOV, arguing prejudgment interest was not available. Hyundai also filed a motion to vacate the judgment, making a similar argument. Both sides filed cost bills.

5

Hyundai filed a motion to tax the costs claimed by Towns and Johnson under section 998, on the grounds that the recovery in the verdict did not exceed the amount in the offer to compromise tendered in October 2020. Towns and Johnson filed a motion to tax the costs claimed by Hyundai on the grounds that Hyundai was not the prevailing party.

On December 2, 2022, the trial court denied Hyundai's motion to vacate the judgment but granted Hyundai's motion for JNOV in part, determining Towns and Johnson could recover prejudgment interest but the amount given in the judgment was incorrect. That same day, the court entered a new judgment correcting the amount of prejudgment interest. Hyundai appealed the new judgment.

On December 6, 2022, the trial court denied Towns and Johnson's motion to tax Hyundai's costs, finding Hyundai's section 998 offer was valid and there was no specific objection to any cost item. On January 26, 2023, the court ruled on Hyundai's motion to tax Towns and Johnson's costs, granting the motion as to Towns's costs but denying it as to Johnson's costs. The court found that the section 998 offer was not binding on Johnson because it was never made to her—she was not yet a party to the case in October 2020. Towns and Johnson appealed the court's orders on their motions to tax costs. Hyundai cross-appealed the court's order on its motion to tax costs.

## DISCUSSION

Towns and Johnson argue the trial court erred when it offset their damages by the amount of the insurance payment they received when the vehicle was totaled. They contend that once the offset is removed, the resulting increase in damages should increase the prejudgment interest

6

award accordingly. Hyundai argues Johnson has no standing to sue under the Act because she is not a buyer of the vehicle. It also contends prejudgment interest is not available as a remedy here.

We discuss these issues in order of procedural priority. We agree with Hyundai that, having found Johnson was not a buyer of the vehicle, the trial court erred in permitting her to proceed as a plaintiff under the Act. However, we agree with Towns and Johnson that the trial court erred in reducing damages based on the insurance payment Johson received. Finally, we hold that prejudgment interest is available here under section 3288.

Therefore, we affirm in part and reverse in part. We remand for the trial court to recalculate the amount of prejudgment interest and determine what effect, if any, these conclusions have on the recoverability of costs.


I.     *Appealability*

As a threshold matter, Hyundai argues Towns and Johnson failed to appeal from the final judgment, and therefore we lack jurisdiction to hear their appeal. While Hyundai's premise is correct, its conclusion does not follow.

The trial court entered judgment for Towns and Johnson on September 27, 2022. That judgment contained an award of prejudgment interest "in the amount of $9,374.92." The parties agree this was a mistake; it appears to be a typographical error. The jury verdict awarded prejudgment interest "on the amount of $9,374.92," meaning that the $9,374.92 damages award would constitute the principal amount from which the interest could be calculated. The judgment transmuted "*on* the amount" to "*in* the amount." (Italics added.) In ruling on Hyundai's motion for JNOV, the court acknowledged its

7

mistake and recalculated the interest.  The court then entered an amended judgment with the recalculated amount.

When the trial court makes a "material and substantial" modification of its judgment, appeal must be taken from the modified judgment.  (*Stone v. Regents of University of California* (1999) 77 Cal.App.4th 736, 744.)  However, an alteration in the amount of prejudgment interest is not a material and substantial modification.  (See *Amwest Surety Ins. Co. v. Patriot Homes, Inc.* (2005) 135 Cal.App.4th 82, 84, fn. 1; see also *Guseinov v. Burns* (2006) 145 Cal.App.4th 944, 951, abrogated on an unrelated ground by *Haworth v. Superior Court* (2010) 50 Cal.4th 372.)  Therefore, Towns and Johnson were not required to appeal the amended judgment, and we retain jurisdiction over their appeal.

Hyundai briefly argues that failure to appeal the amended judgment should at least prevent Towns and Johnson from appealing the amount of prejudgment interest.  However, it cites no authority for that proposition.  In the absence of authority requiring Towns and Johnson to separately appeal the award of prejudgment interest, we conclude our jurisdiction over the judgment includes that award.

II.    *Standing*

Hyundai argues Johnson lacked standing to pursue a claim under section 1794 because she is not a "buyer" of the vehicle as required by that section.  Therefore, Hyundai contends, the trial court erred in allowing the amended complaint that added Johnson as a plaintiff, and in entering

judgment for Johnson after trial.[2]  We agree that the trial court erred in allowing Towns to amend his complaint to add Johnson as a plaintiff.[3]

    A.    *Governing Law*

Section 1794, subdivision (a) permits a "buyer of consumer goods" to bring an action for violations of the Act.  Section 1791, subdivision (b) defines "buyer" as "any individual who buys consumer goods" from a retailer.  The plaintiff bears the burden to plead and prove standing.  (*Mendoza v. JPMorgan Chase Bank, N.A.* (2016) 6 Cal.App.5th 802, 809 (*Mendoza*).)

We review the trial court's grant of leave to amend for abuse of discretion.  (*Doe v. Second Street Corp.* (2024) 105 Cal.App.5th 552, 577–578.)  Under this standard, we review the court's factual findings for substantial evidence and its conclusions of law de novo; the court's application of correct law to supported findings will be reversed only if arbitrary and capricious.  (*Haraguchi v. Superior Court* (2008) 43 Cal.4th 706, 711–712.)

---

[2]    Towns and Johnson suggest Hyundai "abandoned" the standing argument by failing to raise the issue at any point between the court's grant of leave to amend and Hyundai's reply on its motion to tax costs.  However, Hyundai did argue Johnson's lack of standing in opposition to the motion to amend.  And in any event, standing is a jurisdictional issue that can be raised at any time.  (*McKinny v. Oxnard Union High School Dist. Bd. of Trustees* (1982) 31 Cal.3d 79, 90; see also *Drink Tank Ventures LLC v. Real Soda in Real Bottles, Ltd.* (2021) 71 Cal.App.5th 528, 541–542 [failure to meet the required elements of a claim deprives the court of subject matter jurisdiction].)

[3]    For this reason, we need not discuss the arguments concerning the jury's findings or the trial court's subsequent rulings.

B.    *Analysis*

Whether an individual is the actual buyer of a specific vehicle is a question of fact for the trial court.  (See *Dagher v. Ford Motor Co.* (2015) 238 Cal.App.4th 905, 918 (*Dagher*).)  Here, the trial court found that Johnson was not a buyer, but ruled that *Patel* permitted her to bring a claim under the Act anyway.  That is not what *Patel* holds.

1.    *Patel*

In *Patel*, the eponymous plaintiff leased a vehicle for the use of his friend, Fayaz.  (*Patel, supra,* 43 Cal.App.5th at p. 1010.)  Fayaz reimbursed the plaintiff for every lease payment.  (*Ibid.*)  At trial, the defendant filed a motion for nonsuit, arguing that the plaintiff had no damages and had not even personally attended the proceedings.  (*Id.* at p. 1012.)  The court denied the motion and added Fayaz to the case as an indispensable party.  (*Ibid.*)  The defendant promptly moved for a directed verdict as to Fayaz, for lack of standing.  (*Ibid.*)  The trial court denied that motion.  (*Ibid.*)  Ultimately, the jury awarded the original plaintiff nothing, and awarded Fayaz $19,767.85.  (*Id.* at p. 1013.)  The trial court then limited the recovery of attorney's fees to those incurred after Fayaz officially became a party to the case.  (*Id.* at pp. 1013–1014.)  The plaintiff and Fayaz appealed, and this division reversed, explaining that both plaintiff and Fayaz had prevailed because they sought and obtained damages associated with a single vehicle, and denial of fee recovery was at odds with the purpose of the statutory fee-shifting provision.  (*Id.* at pp. 1016–1018.)

In response to the appeal, the defendant in *Patel* argued that the plaintiff should be judicially estopped from claiming he was suing on behalf of Fayaz.  (*Patel, supra,* 43 Cal.App.5th at p. 1018.)  *Patel* rejected that

10

argument, pointing out that there had never been any confusion about the facts of the case. (*Ibid.*) After observing that the parties always understood Fayaz's role, the panel commented that "[a]rguably, Fayaz could have been included as a plaintiff earlier in the litigation, as he was the party affected by the breach and the efforts to have the vehicle repaired." (*Patel, supra,* 43 Cal.App.5th at p. 1018.) It was this comment that caused the trial court to permit Johnson to join this case, ruling that "this statement clearly provides a nod of approval" for adding a non-buyer as a plaintiff.

The trial court's reading stretched *Patel* too far, and Towns and Johnson now concede that *Patel* is "not controlling on this issue." In *Patel*, Fayaz became a party to the case at trial, after a full development of the record and multiple motions, from which the defendant never appealed. The panel in *Patel* was not presented with the standing issue. The panel's comment about when Fayaz could have become a party to the case was made in the context of an observation that the plaintiff had never taken inconsistent positions. (*Patel, supra,* 43 Cal.App.5th at p. 1018.) Cases are not authority for propositions not considered or issues not presented by their own particular facts. (*McConnell v. Advantest America, Inc.* (2023) 92 Cal.App.5th 596, 611.) *Patel* does not authorize a non-buyer to bring suit under the Act.

2. *Buyer Status*

The amended complaint contains no allegation that Johnson was a buyer of the vehicle. Nor does the record on the motion for leave to amend contain an argument that Johnson was a buyer of the vehicle, other than a brief, parenthetical assertion in a supplemental brief that Johnson was a "de facto buyer." That assertion was not accompanied by a citation to authority

11

or any evidence. On appeal, Towns and Johnson do not directly contest the trial court's finding that Johnson was not the buyer of the vehicle. Instead, they argue that if Towns was the buyer, he bought the car as Johnson's agent, making her a buyer too. This argument was not presented to the trial court, and has therefore been forfeited. (*Bakos v. Roach* (2025) 108 Cal.App.5th 390, 399.)

Towns and Johnson also argue that the trial court's finding was rendered irrelevant by the jury's verdict and the trial court's ruling on costs. But as Towns and Johnson themselves point out, the issue of Johnson's status was never contested before the jury, and the trial court expressly declined to rule on that issue when awarding costs. Towns and Johnson cite no authority for the proposition that the jury's verdict and the ruling on costs should reverse the trial court's earlier finding. Finally, Towns and Johnson argue Johnson should be permitted to sue as a "de facto buyer" because she made all the payments,[4] she was the actual driver of the vehicle, Towns obtained the vehicle for her use, and the vehicle was community property. There are two problems with this.

First, Towns and Johnson have the burden of proof on this point, and their record is either absent or undeveloped. (*Mendoza, supra,* 6 Cal.App.5th at p. 809.) As noted above, Towns's motion for leave to amend the complaint is not included in the record. Towns's reply on that motion relied primarily on testimony showing Johnson drove the vehicle, and added one page of deposition testimony suggesting Towns and Johnson were jointly insured and

---

[4] This assertion is ambiguous. In the context of a marriage, the phrase might mean she paid for the vehicle out of her own separate property, or it might mean she was the person who undertook the administrative task of ensuring the bills were paid from community funds. Towns and Johnson's record citations do not clear up the ambiguity.

12

had some method of dividing up how the insurance premiums were paid. No additional evidence was submitted with the supplemental briefs, nor did Towns seek the opportunity to submit such evidence.

Second, the language of the Act contains no references to a category of "de facto buyers," and Towns and Johnson cite no California authority to support the creation of such a category. Instead, they point to *Patel* as an illustration of a potential problem if such a category is not created: when one person buys a vehicle but another drives it, a manufacturer may attempt to escape liability by arguing that the buyer has no damages, and the driver has no standing.

However, that danger did not materialize in *Patel,* and it is not present here. Hyundai did not argue that Towns had no damages. In fact, at the hearing on the motion for leave to amend, Hyundai offered to stipulate that Towns could recover damages. Nor is there any prospect here that an undamaged party will recover and a damaged party will get nothing.

### 3. *Summation*

We end our discussion of Johnson's standing where we began it. Whether Johnson was a buyer of the vehicle presented a question of fact for the trial court. (See *Dagher, supra,* 238 Cal.App.4th at p. 918.) The burden fell on Towns and Johnson to prove Johnson was a buyer. (*Mendoza, supra,* 6 Cal.App.5th at p. 809.) Towns and Johnson opted instead to argue that Johnson didn't need to be a buyer. As a result, the record is not sufficiently developed to review a challenge to the court's finding that Johnson wasn't a buyer, even if such a challenge had been squarely made. Had the issue been squarely joined below, more evidence presented, and a record fully developed, the trial court might have reached a different result—and so might we.

13

However, the trial court erred in ruling *Patel* permitted a non-buyer to sue under the Act. Therefore, the court should have denied the motion for leave to amend, and Johnson should not have been a party to this case.

III. *Damages*

Towns and Johnson challenge the amount of the damages award, arguing the trial court improperly imposed an offset for the insurance payment they received when the vehicle was totaled. We agree the offset was improper.

A. *Governing Law*

As noted, section 1794, subdivision (a) permits a buyer of consumer goods to recover damages caused by the manufacturer's failure to comply with certain statutory obligations imposed under the Act. Section 1794, subdivision (b) provides that the measure of the buyer's damages may be found in section 1793.2, subdivision (d). Section 1793.2, subdivision (d) affords a car buyer a choice of two remedies: replacement of the car, or restitution of the purchase price. An auto manufacturer has an affirmative obligation to offer these remedies, without waiting for a lawsuit. (*Kirzhner v. Mercedes-Benz USA, LLC* (2020) 9 Cal.5th 966, 971 (*Kirzhner*).)

If the buyer elects restitution, section 1793.2, subdivision (d)(2)(B) provides that the buyer shall receive "an amount equal to the actual price paid or payable by the buyer." Section 1793.2, subdivisions (d)(2)(B) and (C) prescribe that certain specific items must be included in, or excluded from, that amount. None of those expressly listed items are in dispute here.

14

The trial court's imposition of an offset for an insurance payment presents a question of statutory interpretation, which we review de novo. (*Niedermeier v. FCA US LLC* (2024) 15 Cal.5th 792, 804 (*Niedermeier*).)

B.    *Analysis*

Towns and Johnson claim *Niedermeier*, a recent decision from the California Supreme Court, is controlling. Hyundai says *Niedermeier* does not cover the issues presented here, and urges that a failure to deduct the insurance payment would provide Towns and Johnson with a windfall. We conclude that *Niedermeier* governs here, and requires reversal.

In *Niedermeier*, the plaintiff presented her Jeep to the defendant manufacturer's repair facilities 16 times, without success. (*Niedermeier, supra,* 15 Cal.5th at p. 801.) She asked the defendant to buy the car back three times, but it refused. (*Id.* at pp. 801–802.) Finally, she traded the Jeep in for a different car, and received a $19,000 trade-in credit. (*Id.* at p. 802.) She then sued the defendant for breach of express warranty and prevailed at trial. (*Ibid.*) After trial, the defendant requested a $19,000 offset for the trade-in. (*Ibid.*) The trial court denied the offset, but the court of appeal reversed, holding that the purpose of the statute was to restore the status quo prior to the purchase and that trading vehicles in thwarted other provisions of the Act. (*Id.* at pp. 802–803.)

Our Supreme Court reversed the court of appeal. (*Niedermeier, supra,* 15 Cal.5th at p. 801.) The Court reasoned that section 1793.2, subdivision (d)(2) "lays out a specific formula" for calculating restitution that "has clearly enumerated exceptions," none of which mentioned a car's trade-in value. (*Id.* at p. 806.) The Court further explained that money received from a third party years after the purchase is not part of the "actual price paid or payable"

15

at the time of the purchase. (*Id.* at pp. 807–810.) The Court also rejected the argument that the word "restitution" should have the same meaning in the statute as at common law. (*Id.* at pp. 813–814.) As the Court explained, the purpose of the act was to protect consumers, and the defendant's refusal to buy the defective car back is what caused the plaintiff to trade it in elsewhere. (*Id.* at pp. 814–817.) Finally, the Court reasoned that an offset for trade-in value would incentivize manufacturers to delay offering refunds, hoping that a buyer would dispose of the vehicle and thereby relieve the manufacturer of part of its responsibilities. (*Id.* at pp. 820–821.)

It is true, as Hyundai points out, that *Niedermeier* involved a trade-in credit while here we have an insurance payment. However, this is not a relevant distinction; *Niedermeier*'s reasoning still applies. Section 1793.2, subdivision (d)(2) provides a specific formula for calculating damages, and courts may not add exceptions to that formula. (*Niedermeier, supra,* 15 Cal.5th at pp. 806–807.) The formula contains no exception for insurance payments, which likewise are not part of the "actual price paid or payable" at the time the vehicle was purchased. (§ 1793.2, subd. (d)(2); *Niedermeier, supra,* 15 Cal.5th at pp. 807–808.) The purpose of the Act is to protect consumers, and altering the statutory definition of restitution would not do that.

Further, the argument that full recovery would be a windfall for Towns and Johnson cuts both ways. As the Court noted in *Niedermeier*, Hyundai had an affirmative obligation to offer repurchase of the vehicle. (*Niedermeier, supra,* 15 Cal.5th at pp. 820–821.) Even though Hyundai was not the direct cause of the accident, the vehicle was destroyed during a delay in Hyundai's

16

performance of its obligations.[5]  Allowing Hyundai to benefit from the insurance proceeds could equally be considered a windfall for Hyundai.  The purpose of the act is to protect consumers; allowing the manufacturer to benefit from the accidental destruction of the vehicle does not serve that purpose.  (See *Niedermeier, supra,* 15 Cal.5th at pp. 813–817, 820–821.)

*Niedermeier* counsels that reducing the statutory restitution award by any amount not provided in the statute would be inconsistent with its plain text, its legislative history, and its consumer protective purpose.  (*Niedermeier, supra,* 15 Cal.5th at pp. 805–810, 814–817.)  *Niedermeier* is controlling here.  The court's imposition of an offset not specifically enumerated in the statute was improper.  The correct damages award is $24,085.83.[6]

## IV.  *Prejudgment Interest*

The jury awarded Towns and Johnson prejudgment interest under section 3288, and the court subsequently determined such interest was available as a matter of right under section 3287.  Both sides challenge the

---

[5]      Hyundai argues it did not violate its obligations until May 30, 2023, three days after the accident.  But the jury found Hyundai failed to repair the vehicle after a reasonable number of attempts.  And the last repair attempt was on April 11, 2023, six weeks before the accident.  Therefore, Hyundai's obligation to provide restitution commenced then, at the latest.  (See *Kirzhner, supra,* 9 Cal.5th at p. 971.)  As Hyundai itself notes, May 30, 2023 is the date counsel argued, and apparently the jury decided, the violation became willful.

[6]      The pre-offset damages award of $28,718.98 minus the $4,633.15 value of use calculation, as shown on the special verdict form.  Towns and Johnson expressly waive any argument that the amount of civil penalties should be adjusted based on the increased damages award.

award of prejudgment interest—Hyundai because it thinks such interest is unavailable here, Towns and Johnson because they think the amount is inadequate. For the reasons given below, we conclude prejudgment interest is available here under section 3288.

Section 3288 provides the jury with discretion to award prejudgment interest "[i]n an action for the breach of an obligation not arising from contract." The applicability of this provision presents an issue of law that we review de novo. (*Crane v. R.R. Crane Investment Corp.* (2022) 82 Cal.App.5th 748, 756.)

Hyundai's obligations under the Act do not arise from contract, they arise from the Act. The claim presented to the jury here is authorized by the Act. (§ 1794, subd. (a).) The Act defines who has standing to file suit. (*Ibid.*) It defines the obligations of the manufacturer, and the remedies available to the consumer. (See *Niedermeier, supra,* 15 Cal.5th at pp. 806–807, 820–821.) And it permits the recovery of civil penalties. (§ 1794, subd. (c).) This action was governed by statute, not contract, from beginning to end.

Hyundai argues its obligations under the Act arise from contract because no claim would be possible if Towns had not contracted to buy the vehicle.[7] In support of this argument, Hyundai cites *Rodriguez v. FCA US LLC* (2024) 17 Cal.5th 189, 198–199 (*Rodriguez*). But *Rodriguez* itself illustrates that the source of Hyundai's obligation is the Act. *Rodriguez* held that because the Act protects only the purchasers of "new" motor vehicles, it

---

[7]     Towns and Johnson argue that Hyundai has forfeited any challenge to the award of interest under section 3288 by failing to mention that section in its moving papers on the motion for JNOV below. But Hyundai appealed directly from the judgment as well. Towns and Johnson cite no authority for the proposition that an issue raised by direct appeal from the judgment is forfeited by subsequent failure to raise it in a motion for JNOV.

18

does not apply to a person who buys a used vehicle, even if the manufacturer's warranty is still in effect for that vehicle. (*Rodriguez, supra,* 17 Cal.5th at pp. 195–196.)

Hyundai also points out that the claim here was for breach of express warranty, and a warranty is a contract. This argument elevates the label over the substance of the claim. The title of the cause of action as it appears in the complaint is "Violation of Song-Beverly Act—Breach of Express Warranty." But the complaint does not allege a breach of the warranty; it alleges breach of "obligations under the Song-Beverly Act." And when the case was tried, the questions presented to the jury came from the statute, not the warranty. The obligations Hyundai breached did not arise from contract. Prejudgment interest is available under section 3288.

For the first time on reply, Hyundai compares the award of prejudgment interest under section 3288 to an award of punitive damages under section 3294, or an award of emotional distress damages. Hyundai also argues on reply that an award of interest under section 3288 would be incompatible with the trial court's selected interest rate of 10 percent. Because those arguments were raised for the first time on reply, they have been forfeited. (*Sachs v. Sachs* (2020) 44 Cal.App.5th 59, 66.) Hyundai remains free to raise the issue of the correct interest rate with the trial court on remand.

The jury was entitled to award prejudgment interest under section 3288, and Towns and Johnson make no argument favoring section 3287 over section 3288. Therefore, we need not discuss the availability of interest under section 3287. However, we note two additional reasons this case falls under section 3288 rather than section 3287. First, Towns and Johnson never affirmatively requested prejudgment interest under section 3287.

19

Hyundai raised that issue, for the first time, by making section 3287 the sole ground of its motion for JNOV. And second, Hyundai argued below that section 3287 should not apply because "this [is] not a breach of contract case" but rather a statutory claim under the Act.

Johnson and Towns argue that the amount of prejudgment interest calculated by the court was incorrect because the damages offset imposed by the court improperly lowered the amount of principal on which interest could accrue. For the reasons already given, we agree that the imposition of the damages offset was improper. Therefore, the amount of interest must be recalculated based on the correct damages award of $24,085.83.

V.    *Costs*

Both sides appeal the trial court's rulings on their motions to tax costs. However, based on the conclusions above, a modified judgment must be entered. Therefore, the trial court's orders awarding and denying costs must be reversed.[8] (See *Simmons v. Ware* (2013) 213 Cal.App.4th 1035, 1057–1058.) Once the modified judgment is entered, the parties will be free to renew any requests for costs in a manner compliant with the law.

---

[8]    Hyundai argues Johnson cannot be a prevailing party for purposes of a cost recovery. We express no opinion on that issue, which we leave for the trial court to determine.

20

## DISPOSITION

The judgment of the trial court is affirmed in part and reversed in part. The trial court shall enter a modified judgment awarding Daevieon Towns $24,085.83 in damages, prejudgment interest on that amount, and $18,749.84 as a civil penalty. The case is remanded for further proceedings consistent with this opinion. Each side shall bear their own costs on appeal.

**CERTIFIED FOR PARTIAL PUBLICATION**


ZUKIN, P. J.

WE CONCUR:


COLLINS, J.


TAMZARIAN, J.

21

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| DAEVIEON TOWNS et al., | B324360 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. 20STCV27223) |
| v. | |
| HYUNDAI MOTOR AMERICA, | ORDER GRANTING PUBLICATION |
| Defendant and Appellant. | |

THE COURT:*

The opinion in the above-entitled matter filed on December 22, 2025, was not certified for publication in the Official Reports. After receiving a request from Cynthia E. Tobisman of Greines, Martin, Stein & Richland, and Jordan G. Cohen, the court determines there is good cause to publish the opinion in the above-entitled matter.

---

*ZUKIN, P. J.    COLLINS, J.    TAMZARIAN, J.